# UNITED STATES OF AMERICA, RESPONDENT, v. BYRON W. BROWN, APPELLANT.

CRIMINAL LAW.—PERJURY.—EDMUNDS LAW.—Defendant was indicted for perjury in swearing upon his *voir dire* while being examined as a grand juror, that he believed polygamy to be wrong and did not believe it was right for a man to have more than one wife at the same time. The Edmunds Law, 22 Stat. 31, prescribes as ground for challenge to juror that he believes it right for a man to have more than one wife, living and undivorced, at the same time. The evidence showed that defendant was a member of the Mormon Church, and was preaching its doctrines, that he had lately returned from a mission and that the rightfulness of polygamy was one of the doctrines of the church. Defendant after testifying as above, explained to several witnesses that he did not believe polygamy to be right, because he went further and knew it to be right; *held* that under § 5392 Revised Stat. U. S. making it perjury in any one before a competent United States tribunal, to state any material matter which he does not believe to be true, the defendant was rightly convicted.

CRIMINAL LAW.—NEW TRIAL.—SUFFICIENCY OF EVIDENCE.—In order to justify an appellant court in reversing an order refusing a new trial, it must appear that there was an entire absence of testimony or that the evidence so clearly preponderates in favor of the prisoner as to suggest the possibility that the verdict was the result of misapprehension or partiality.

APPEAL from an order refusing a new trial and from a judgment of conviction of the district court of the first. district. The opinion states the facts.

*Mr. Samuel R. Thurman* and *Messrs. Sheeks and Rawlins,* for the appellant.

Cited 1 Greenleaf Ev. sec. 259; 2 Wharton Crim. Law, sec. 1317; Wharton Crim. Ev. sec. 387; 2 Bishop Crim. Law, sec. 1044; *Swartz* v. *Corn,* 21 Am. Rep. 366; *Freeman* v. *State,* 4 Am. Crim. Rep. 470; *State* v. *Williams,* 30 Mo. 364; *Cruser* v. *State,* 10 Ohio 259; *People* v. *Evans,* 40 N. Y. 1, Lawson Presump. Ev. 433, 453 and cases cited.

*Mr. George S. Peters*, U. S. District Attorney, and *Mr. David Evans*, Assistant U. S. District Attorney, for the respondent.

HENDERSON, J.:

The defendant was convicted in the first district court at Provo of perjury committed in violation of section 5392 of the Revised Statutes of the United States, which is as follows: "Every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury." The perjury is alleged to have been committed while defendant was being examined on his *voir dire* to determine his competency to serve as a grand juror in the first district court at Provo. He was examined as to such competency under section 5 of what is known as the "Edmunds Law," which provides as follows: "That, in any prosecution for bigamy, polygamy, or unlawful cohabitation, it shall be sufficient cause of challenge, to any person drawn or summoned as a juryman or talesman, that he believes it right for a man to have more than one living and undivorced wife at the same time; or to live in the practice of cohabiting with more than one woman; and any person appearing or offered as a juror or talesman, and challenged on either of the foregoing grounds, may be questioned on his oath as to the existance of any such cause of challenge, and other evidence may be introduced bearing upon the question, or raised by such challenge, and this question shall be tried by the court." And that, while being so examined, he testified that he did not believe it right for a man to have more than one living and undivorced wife at the same time, and that he did not believe it right for a man to live in the practice of cohabiting with more than one woman, and that he did not believe in polygamy or a plurality of wives. This testimony

is alleged to be false, and the giving of it perjury.   After verdict the defendant moved for a new trial upon the ground that the evidence was insufficient to support the verdict.   The motion was denied, and the defendant appeals from the order denying his motion.

The only question presented is, does the evidence warrant the verdict?   In the case of *United States* v. *Harris*, 19 Pac. Rep., 197; 5 Utah, 437, where the same question was presented, this Court stated the principles which shall govern, as follows:   "The jury are the judges of the facts, and, in order to justify this Court in reversing the order refusing a new trial, it must appear that there was an entire absence of evidence, or that the evidence so clearly preponderates in favor of the prisoner as to suggest the possibility that the verdict was the result of misapprehension or partiality.   It is not enough that the Court might have arrived at a different result."   We are satisfied with the rule thus stated, and it only remains to test the case at bar by it.   It is not contended that the evidence was sufficient to establish the fact that the defendant testified as charged in the indictment, but the claim is that the evidence failed to show that it was false.   The evidence that the defendant testified as charged in the indictment consisted, among other things, of the testimony of the stenographic reporter who attended and took the evidence when the defendant was examined, and his transcribed minutes are in full in the record, from which it appears that the defendant was called as a grand juror, and was challenged by the government counsel upon the ground that he believed it right for a man to have, living and undivorced, more than one wife at the same time, and to live in practice of cohabiting with more than one woman; whereupon he was sworn and examined, and, in an examination which covers several pages, and in which the Court and counsel for the government both participated, he repeatedly testified that he did not believe it to be right; that he believed it to be wrong, both legally and morally; and that he did not believe in polygamy.   The questions were repeated to him many times over, and in various forms, and the same answer repeated.   To show the falsity

of this testimony, evidence was given that the defendant, a short time before his examination, had advocated the doctrine of polygamy, and averred his belief that it was right; also that he was, and for many years had been, a member in good standing in the Mormon Church, being "A Seventy;" that the duty of "A Seventy" was to teach and preach the doctrines of the church; that he had lately returned from a mission; that polygamy and its practice is one of the acknowledged doctrines of the church; and a number of witnesses testified that after he had given the testimony complained of, and it had been known, and he was questioned as to why he so testified, he explained that he knew it was right; that it was not a matter of mere belief; that it was absolute knowledge with him that it was right. Of this latter class of testimony one Brigham Taylor testified: "I am acquainted with the defendant. Have known him for several years. I am a dentist at American Fork City, engaged in my profession, and was at the time defendant was examined as a grand juror in February, 1888. After that defendant called at my office. passed the time of day, and asked me why I did not call to see him. I told him it was because what he had done at Provo. I asked him why he answered the question the way he did when he was examined as a grand juror. He said that he did not believe only in polygamy and that it was right; he knew it was right. Belief with him had become a knowledge of the rightfulness of polygamy." Joseph Emprey testified : "I know the defendant. Live in the same town where he resides. He called at my house as a block teacher a short time after he was at Provo on the grand jury business. I had a copy of the Enquirer, and had been reading defendant's examination as a grand juror. I asked him why he said he did not believe in polygamy and cohabitation with more than one woman. He said because he knew it was right. It was no longer a matter of belief. Defendant is a member of the Mormon Church, and returned from a mission about a year and a half ago." David Evans, who was counsel for the government at the time defendant was examined, testified: "I am acquainted with defendant, and have been for a great

many years. I examined him as to his qualifications to sit as a grand juror in the February term, 1888. I afterwards, in May of the same year, saw him on the train between Lehi and Provo. I asked him how he could conscientiously answer that he did not believe polygamy was right. He said because it was not with him a matter of belief. He knew it was right, for he had a testimony which gave him a knowledge that it was right. There was a good deal said to the same effect. The discussion was warm, but friendly." Lars O. Lawrence testified: " I am acquainted with defendant. I was a member of the grand jury of this court, February term, 1888. I afterwards saw defendant at Spanish Fork. Talked with him about his examination as a grand juror. He said he knew polygamy was right. He did not only believe it; he had knowledge of the fact."

It will be seen from this statement of the testimony that evidence was given showing that defendant asserted a belief contrary to his testimony, and in accord with the doctrine of the organization of which he was an active member a short time before his testimony was given, and that, when he was approached reprovingly by members of his church and others for giving the testimony he did, he asserted a belief contrary to his testimony, and undertook to explain that it was past belief, and was actual knowledge. It is unnecessary for us to consider this claim, for he testified that he " believed it was wrong," and the jury were justified in finding that this claim was made in bad faith It is claimed by counsel that the testimony only shows that two inconsistent statements were made by the defendant— one under the sanction of an oath, and another without it— and that the presumption is that the statement under oath is true, and must prevail. We think there were strong circumstances shown to corroborate the statement made out of Court, and before he was examined, and that the statements made by him afterwards were in the nature of confessions. If this claim of the defendant is correct, then it would be impossible to show that the testimony is untrue, unless he had been actually guilty of polygamy or unlawful cohabitation, and such persons are disqualified

from serving on juries by other provisions of the statute than those above quoted; but the statute goes beyond this, and disqualifies persons having a certain belief, and authorizes the Court to make inquiry under oath of persons presented or proposed as jurors as to that belief. If the testimony in this case does not fairly tend to show that the testimony given is false, it is hard to be shown, and the statutes would have no force whatever. The case was fairly and carefully given to the jury by the learned judge who presided at the trial; indeed, no complaint is made of any instruction or ruling. We think it was a fair question for the jury, and the order appealed from should be affirmed, and the cause remanded.

SANDFORD, C. J., and BOREMAN, J., concurred.