## (October 20, 1959)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD MALONE, Appellant.

Appeal from a judgment of the Court of General Sessions, New York County, rendered July 23, 1958, upon a verdict convicting defendant of the crimes of perjury in the second degree and criminal contempt.

Judgment affirmed.

STEVENS, J. (dissenting in part). I dissent in part and vote to reverse as to the conviction for perjury under the 4th count of the indictment and as to the convictions for criminal contempt under the 5th and 6th counts of the indictment.

The 4th count charged that the defendant gave false testimony before the Grand Jury when he testified that " Gruber had told him that he * * * would receive a bill for air conditioning units by November 10, 1957." The charge involves false swearing to a fact.

Evidence of one witness supported by proof of corroborating circumstances is sufficient to sustain a conviction for perjury but, " The corroboration of a single witness for the prosecution must be by proof of independent and material facts and circumstances tending directly to corroborate the testimony of the witness, and must be of a strong character and not merely corroborative in slight particulars, and must contradict in positive terms the statement of the accused." (2 Wharton, Criminal Evidence [11th ed.], § 913, p. 1580.) It has been held that this rule has no application when the proof of the crime is necessarily based on circumstantial evidence (*People* v. *Doody*, 172 N. Y. 165). And while the corroborating evidence need not equal the positive testimony of another witness, it must go to material testimony adduced by the State.

Measured by the standard set forth in Wharton's, which I submit is the proper one, the evidence is insufficient to establish proof of guilt of the defendant beyond a reasonable doubt. In light of the nature of the testimony of Gruber, its sometimes contradictory character, while it permits in its most

favorable aspect of the inferences sought to be drawn, by the same token it demands that the corroborative evidence offer vital support and be of a convincing tenor. The inference that Gruber could not have told the defendant that he would receive an invoice by November 10, 1957 because Shapolsky ordered the air conditioners from Marathon Air Conditioning Corporation is hardly that clear, positive and strong corroboration to sustain a felony conviction. For while it is true that Gruber was unable to consummate the transaction, he still originally contemplated obtaining the air conditioners from L. & P. Electric Co., Inc., and might, as he so testified, have spoken to the defendant about the invoices. Nor do I consider the testimony of Testa, as to the time or manner in which he would make payment for the air conditioners purchased by him, sufficiently corroborative of this count whether considered singly or in conjunction with other testimony.

The 5th count for criminal contempt charged that the defendant falsely stated that he could not recall if he visited Shapolsky's office less than 5 or more than 100 times in 1957. The defendant admitted visiting Shapolsky's office not once but several times, though he refused to be bound by any number within the limits charged. The fact of the visits was established. If by such fact there was a design to prove opportunity for wrongdoing, that aim was accomplished. If a wrongful or criminal intent existed it could and generally would find expression at the earliest opportunity since little was shown to distinguish one visit from another. The refusal to adopt and express a minimal or maximum limitation in the posture of this case is not so patently incredible or manifestly contradictory as to amount to a refusal to answer, or be obstructive in its effect.

The element of willfulness and evil intent should enter into or characterize the acts upon which the criminal contempt is founded, and under the applicable section of the law the refusal must be contumacious and unlawful. (Penal Law, § 600, subd. 6.) Acts which are the basis for criminal contempt are acts whose cause and result are a violation of the rights of the public as represented by their constituted legal tribunals. (17 C. J. S., Contempt, §§ 5, 7, 90.) The facts of the visits and their recurrence being admitted, the issue of frequency by numerical limitation is hardly so evasive and obstructive as to amount to a refusal to answer, or be calculated to embarrass, hinder or obstruct the administration of justice.

As to the 6th count, there is no proof that the defendant did discuss Silverstein's statement with Shapolsky, but there is a conclusion that by reason of the subject matter of defendant's talk with Silverstein the defendant *must* have discussed it with Shapolsky. His professed inability to recall the fact of the conversation, if such there was, is considered, in effect, a refusal to answer. If the defendant attached weight or significance to the conversation with Silverstein, then one would conclude that the fact of a conversation with Shapolsky would be within his knowledge and recollection. But the defendant testified he attached little importance to Silverstein's remarks. The common experience of mankind permits of inference as to conduct which might reasonably be expected to result from a given stimulus. But when that reaction is the foundation upon which a conviction for crime is predicated, a permissible inference will hardly suffice. It must be a necessary and, in a sense, inevitable consequence from which the hypothesis of guilt follows so naturally that the inference of innocence is excluded. The evidence should be clear and convincing. Improbability alone does not make the permissible, a necessary, inference. If the fact of the conversation with Shapolsky were established, or if the record contained information relative to or so identifying Silverstein that one would reasonably

conclude the impact of the conversation with Silverstein would lead to a later conversation with Shapolsky, or would so indelibly impress itself upon the mind of the defendant that he must have recalled subsequent events with respect thereto, then the conviction should stand. But such proof is lacking.

Wigmore points out that the duty of a witness is twofold: (1) Objective, to attend and make answer to questions put; and (2) subjective, to answer truthfully. (8 Wigmore, Evidence [3d ed.], § 2194a.)

Lies upon which criminal contempt may be predicated have been characterized as perjurious, or else of a character so patently false, deceptive, absurd, flippant, inconsistent or evasive as to amount to an obstructive refusal to give proper answer. In the latter instance they are said to be tantamount to a contumacious refusal to answer. (Cf. *Matter of Finkel* v. *McCook*, 247 App. Div. 57, a summary proceeding.)

The answers of this defendant in the context in which they appear are not, in my opinion, of that character.

Breitel, J. P., Rabin, M. M. Frank and McNally, JJ., concur in decision; Stevens, J., dissents in part in opinion.

Judgment affirmed.