Submitted on record and briefs May 4, reversed June 21, reconsideration
denied July 28, petition for review allowed September 1, 1976
See 277 Or 55, 559 P2d 498

## STATE OF OREGON, *Respondent,*

*v.*

## BERNIE JOE SHOEMAKER, *Appellant.*

### (No. 75-72, CA 5585)

550 P2d 1396

James Habberstad, and Dick & Dick, The Dalles,
filed the brief for appellant.

Lee Johnson, Attorney General, W. Michael Gil-
lette, Solicitor General, and Thomas H. Denney,

Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was arrested when an officer saw him and another person standing next to an automobile with a siphon hose in the fuel tank. The other person fled. Subsequently, one Etcher was arrested as the other person and charged with second-degree theft for siphoning gasoline. At Etcher's trial, defendant testified that he did not remember or did not know who else was present at the time the gas was being siphoned. Based on that testimony at Etcher's trial, defendant was later convicted upon trial by jury of the crime of perjury, ORS 162.065. Defendant contends that the trial court erred in denying his motion for a judgment of acquittal and for a directed verdict because perjury was not established in the manner required by law.

The statutes governing this case are in apparent conflict. The perjury statute under which defendant was convicted provides:

> "A person commits the crime of perjury if he makes a false sworn statement in regard to a material issue, knowing it to be false." ORS 162.065(1).

According to ORS 162.055(3), a statement means

> "* * * any representation of fact and includes a representation of opinion, belief or other state of mind where the representation clearly relates to state of mind apart from or in addition to any facts which are the subject of the representation."

The definition of "statement" is derived from the Model Penal Code § 241.0(2) (1962). Oregon Criminal Code of 1971, Commentary at 84 (1975). The authors of the Model Penal Code explained the definition:

> "* * * So far as policy is concerned * * * the requirement of verity should apply to all representations, and not merely to 'facts' narrowly construed.
> "* * * * *
> "* * * [I]t seems necessary to permit prosecution in some situations where the only lie is as to declarant's

[ 779 ]

state of mind * * *." Model Penal Code § 208.20, Comments at 116, 118-19 (Tent Draft No. 6, 1957).

■ We conclude that the legislature intended to adopt by statute the current general rule that a knowingly false sworn statement of opinion, belief or other state of mind constitutes perjury. The problem arises, however, because of simultaneous legislative enactment of ORS 162.115 which is a codification of the common-law-corroboration requirement for perjury cases: There must be two corroborating witnesses, or one witness and corroborating circumstances, to convict a person of perjury. Oregon Criminal Code of 1971, Commentary at 92 (1975). ORS 162.115 provides:

"In any prosecution for perjury or false swearing, falsity of a statement may not be established solely through contradiction by the testimony of a single witness."

There may be some bizarre set of facts which would allow state-of-mind to be proved by two corroborating witnesses, or one witness and corroborating circumstances. However, for the vast majority of cases the only way to show the falsity of a statement like, "I don't remember," is to introduce defendant's prior inconsistent statements or other circumstantial evidence. Such was the proof in this case. At defendant's perjury trial, the attorney who represented Etcher on the theft charge testified. He stated that while preparing for Etcher's defense, he had interviewed defendant. Defendant told the attorney that he had been with Etcher while he was siphoning gas, and that it was Etcher who had run away when the police came. Also, the following written statement which defendant made following his arrest was read into the record:

" 'I was with Dave Etcher * * * in his car when he told me that he needed some gas, but there were no gas stations open, so he pulled over and tried to borrow some gas from a near parked car out by The Dalles Bridge overpass. So, he went and put the hose in the tank. Police car pulled up and he took off running and I stayed there.' "

[ 780 ]

Finally, at defendant's perjury trial, Etcher testified that he was in fact the person who had been siphoning the gasoline and that defendant had been with him most of the day and was present during the siphoning.

In New York, this evidence would be sufficient to convict defendant. The facts in *People v. Doody,* 172 NY 165, 64 NE 807 (1902), are nearly identical to the ones in the case at hand—the defendant's testimony under oath that he could not remember certain facts was contrary to his earlier affirmative statements concerning those facts. In *Doody* the court stated:

> "In order to sustain the charge of willful and corrupt perjury against the defendant the prosecution was bound to prove to the satisfaction of the jury that the defendant did remember [the facts sought to be established by the district attorney's questions]. * * * It was competent for the People to sustain that issue by circumstantial evidence. The rule that prevails in cases of perjury, where one oath is placed against another, that there must be two witnesses to prove the charge, or in case only one witness is produced, there must be independent corroborating circumstances, has no application to this case. There was no witness produced upon this trial who could swear that the defendant knew and remembered the facts which were the subject of inquiry. That issue had to be determined upon circumstantial proof * * *." 172 NY at 172.

When the two-witness rule was codified in New York, this exception was included in the statute. Unlike Oregon, New York Penal Law, § 210.50 (McKinney 1975), provides:

> "In any prosecution for perjury, *except a prosecution based upon inconsistent statements* pursuant to section 210.20 * * * falsity of a statement may not be established by the uncorroborated testimony of a single witness." (Emphasis supplied.)[1]

---

[1]New York Penal Law, § 210.20 (McKinney 1975) provides:

"Where a person has made two statements under oath which are inconsistent to the degree that one of them is necessarily false, where the circumstances are such that each statement, if false, is perjuriously so, and where each statement was made within the jurisdiction of this

Although the legislature did not include the italicized phrase in Oregon's perjury-corroboration statute, the exception makes a great deal of sense to us. By putting a comparable judicial gloss on ORS 162.115, we could give substance to the legislature's apparent intention to allow prosecution for false statements concerning a person's state of mind. *See,* ORS 162.065(1) and 162.055(3). We are constrained, however, by prior Oregon case law. In *State v. Buckley,* 18 Or 228, 22 P 838 (1889), in which the defendant also testified, "I don't remember," the Oregon Supreme Court considered the application of a statutory predecessor to ORS 162.115:

"* * * But it must be observed that the real contention in this case is whether or not the conviction can be sustained on proof of the taking of the oath, the making of the statements upon which the perjury is assigned, followed by proof that at other times the defendant, when not under oath, made statements, the legal effect of which was to contradict his sworn statements, and on that subject the authorities all seem to be one way. 1 Greenl. Ev. § 259, says: 'If the evidence adduced in proof of the crime of perjury consists of two opposing statements of the prisoner, and nothing more, he cannot be convicted; for, if one only was delivered under oath, it must be presumed, from the solemnity of the sanction,

state and within the period of the statute of limitations for the crime charged, the inability of the people to establish specifically which of the two statements is the false one does not preclude a prosecution for perjury, and such prosecution may be conducted as follows:

"1. The indictment or information may set forth the two statements and, without designating either, charge that one of them is false and perjuriously made.

"2. The falsity of one or the other of the two statements may be established by proof or a showing of their irreconcilable inconsistency.

"3. The highest degree of perjury of which the defendant may be convicted is determined by hypothetically assuming each statement to be false and perjurious. If under such circumstances perjury of the same degree would be established by the making of each statement, the defendant may be convicted tf that degree at most. If perjury of different degrees would be established by the making of the two statements, the defendant may be convicted of the lesser degree at most."

*Accord,* Model Penal Code, § 241.1(5) (1962). There is no similar Oregon statute to help resolve the problem.

that that declaration was the truth and the other an error or a falsehood, though the latter, being inconsistent with what he has sworn, may form important evidence, with other circumstances, against him.' And it is said, when a defendant has made two distinct statements under oath, one directly the reverse of the other, it is not enough to produce the one in evidence to prove the other to be false. 2 Whart. Crim. Law, § 2275. *Schwartz v. Commonwealth,* 27 Grat. 1025, is a very ably reasoned case, fully sustaining the same doctrine." 18 Or at 231-32.

In most, if not all, perjury cases where the defendant is charged with swearing falsely with respect to his state of mind there will be an irreconcilable conflict between the substantive perjury statutes and the corroboration statute. Given the clear discourse in *Buckley,* a case explicitly recognized by the drafters of the new criminal code as consistent with the present corroboration statute, Oregon Criminal Code of 1971, Commentary at 92 (1975), we must resolve the conflict in favor of a strict construction of the corroboration statute.

■ The state's evidence, therefore, was not sufficient to get it to the jury, and the court erred in denying defendant's motion for judgment of acquittal. The state's contention that Etcher is "one witness" whose testimony is corroborated by defendant's contradictory statements is unpersuasive. Etcher's testimony that he had been siphoning gas with defendant is not affirmative proof of the main fact in issue—whether defendant *remembered* during Etcher's trial who was present when the gas was being siphoned.

Reversed.