Argued May 18, affirmed June 21, 1976

STATE OF OREGON, *Respondent,*

*v.*

WILLIAM OWEN PIERSALL, *Appellant.*

(No. 1331, CA 4613)

550 P2d 1253

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

**FOLEY, J.**

Defendant appeals from a jury conviction of perjury, in violation of ORS 162.065, and a three-year sentence imposed thereon.[1] Defendant's sole contention is that the trial court erred in admitting testimony connecting him with another crime. We affirm.

Defendant was charged with the crime of perjury by testifying falsely before the grand jury that he had no knowledge that his friend, Wesley Weber, had killed a cow with a bow and arrow and by denying that he had previously made statements to persons implicating Weber in the killing.[2] Although defendant categorically denied any personal knowledge of the killing of the cow, evidence was introduced at trial showing that defendant had told several persons that he had been present when Weber killed the cow with a bow and arrow which the defendant and Weber had stolen from a pickup truck. There was also testimony that after defendant's arrest he asked one of these persons not to repeat his prior statements about the killing to anyone because he had been lying at the time. One witness testified that approximately one month after the cow had been killed, defendant and Weber showed him a bow which they said they had taken from a pickup truck. This same witness testified that on two subsequent occasions defendant told him that Weber had killed the cow.

Defendant argues that the testimony connecting him with the theft of bow and arrows from a pickup truck had no probative value to prove that he had lied to the grand jury and that this testimony was so prejudicial as to require a new trial. We disagree.

---

[1] ORS 162.065 provides:

"(1) A person commits the crime of perjury if he makes a false sworn statement in regard to a material issue, knowing it to be false."

"(2) Perjury is a Class C felony."

[2] It is this statement of fact which distinguishes this case from *State v. Shoemaker,* 25 Or App 777, 550 P2d 1396 (1976).

In *State v. Manrique,* 271 Or 201, 205, 531 P2d 239 (1975), our Supreme Court said:

"The fundamental rule of evidence is that in order to be admissible evidence must be relevant, i.e., have some probative value to prove some issue in a case, and that all relevant evidence is admissible unless it falls within one of the so-called 'exclusionary' rules of evidence. See *Trook v. Sagert,* 171 Or 680, 688, 138 P2d 900 (1943), and *State v. Kristich,* 226 Or 240, 244, 359 P2d 1106 (1961). It is equally well established that evidence may be rejected, although relevant, if its probative value is outweighed by various other considerations, including the danger of prejudice. McCormick on Evidence 438-39, § 185 (2d ed 1972). See also *State v. Zimmerlee,* 261 Or 49, 54, 492 P2d 795 (1972), and *State v. Harrison,* 253 Or 489, 491, 455 P2d 613 (1969).

"For this reason it is the general rule in criminal cases that the state may not offer evidence that the defendant was guilty of other crimes in addition to the crime for which he is charged. * * *"

In *State v. Maple,* 23 Or App 222, 544 P2d 183 (1975), Sup Ct *review denied* (1976), we had occasion to note that *State v. Manrique, supra,* did not enumerate all exceptions to the general rule against the admissibility of evidence connecting a defendant with another crime. *See also State v. Hockings,* 23 Or App 274, 542 P2d 133 (1975), Sup Ct *review denied* (1976). Here, the trial court admitted the testimony relating to the theft of the bow and arrows expressly for the limited purpose of providing evidence that defendant had knowledge of the killing under investigation by the grand jury at the time he testified before it and to show defendant's possible motive for committing perjury. It enabled the jury to consider whether defendant had lied because he did not want to implicate himself or Weber in the theft of the bow and arrows or because he did not want to implicate Weber in the killing of the cow. From the testimony in question, the jury could also have concluded that the defendant had lied because he had been threatened with reprisals by

Weber.[3] We conclude that any prejudicial effect resulting from this testimony because it connected defendant with a separate crime was greatly outweighed by the probative value of the evidence. *State v. Manrique, supra; cf. State v. Maple, supra; see also Behrle v. United States,* 100 F2d 714 (DC Cir 1938).

Affirmed.

---

[3]Defendant, who resided with Weber, testified that Weber had threatened persons in the past, that Weber had the friends and the ability to carry out such threats, and that he was fearful of Weber.