STATE OF OREGON, *Petitioner,*

*v.*

BERNIE JOE SHOEMAKER, *Respondent.*

(TC-CR 75-72, SC-24668)

559 P2d 498

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Robert C. Cannon, Salem, argued the cause for respondent. On the brief was James Habberstad, of Dick & Dick, The Dalles.

Before Denecke, Chief Justice, and McAllister,** O'Connell,*** Tongue, Howell, Bryson**** and Lent, Justices.

TONGUE, J.

---

**McAllister, J., resigned December 31, 1976.
***O'Connell, J., term expired January 3, 1977
****Bryson, J., did not participate in this decision.

## TONGUE, J.

Defendant was convicted of perjury. In appealing to the Court of Appeals he assigned as error the refusal of the trial court to allow defendant's motions for acquittal and directed verdict. In support of that assignment of error he contended that under ORS 162.115 the falsity of a statement in a prosecution for perjury "may not be established solely through contradiction by the testimony of a single witness" and that there was insufficient corroboration of the testimony of the witness claimed by him to be the only witness who directly contradicted his own testimony, citing *State v. Buckley,* 18 Or 228, 22 P 838 (1889), in support of that contention.

The Court of Appeals agreed and reversed defendant's conviction, holding that its decision was controlled by *State v. Buckley, supra. See* 25 Or App 777, 550 P2d 1396 (1976).[1] We granted the state's petition for review because of concern whether, in reaching that result, the Court of Appeals properly construed and applied the requirements of ORS 162.115 and the rule as set forth in *Buckley* relating to the sufficiency of corroboration of the falsity of a statement for the purposes of that statute.

It appears from the record that the evidence offered by the state in this case included the following: A police officer testified that in the early morning hours of November 23, 1974, he saw near The Dalles a "siphon hose and a gas receptacle coming out of the rear of a parked car." One "subject" (the defendant) got "into a vehicle" and the other "subject" ran down a hill and got away.

---

[1] The Court of Appeals held (at 783) that:

"* * * Given the clear discourse in *Buckley* [*State v. Buckley,* 18 Or 228, 22 P 838 (1889)], a case explicitly recognized by the drafters of the new criminal code as consistent with the present corroboration statute, Oregon Criminal Code of 1971, Commentary at 92 (1975), we must resolve the conflict in favor of a strict construction of the corroboration statute."

[ 57 ]

The officer examined the vehicle in which defendant was sitting and found in it a traffic citation issued to David Etcher. He then took defendant to jail, where defendant signed a written statement to the effect that he was "with Dave Etcher in his car" when Etcher said he needed some gas and that Etcher had "put the hose in the tank" of the parked car when the police car "pulled up" and then "took off running." The officer testified that defendant was coherent and "sober" when he signed that statement.

David Etcher was charged with theft. His attorney testified at the perjury trial that he interviewed defendant, who also told him that he had been with Etcher at that time and that Etcher had begun to siphon gas out of the parked car when the police arrived.

That attorney also testified that the defendant, when called as a witness for the state on the trial of Etcher testified that he "didn't remember" or "didn't know" or "couldn't say" who was "out there with him" at the time of that incident; that, as a result, there was not sufficient evidence "to go to the jury" and that a directed verdict was then entered in that case.

Evidence offered at the trial of this case (in which defendant is charged with perjury in the *Etcher* case) also included testimony by David Etcher, who testified that defendant was with him in his car at the time of the theft.

Defendant testified that he was with Etcher at a party on the preceding afternoon, but that they drank a great deal and that he could not remember what then happened. He also testified that he first told the police that he didn't know who was there with him and was coerced to sign the statement under threat of prosecution; that he talked to Etcher's lawyer and "told him again that it was Etcher there," but that before the trial of Etcher he told the district attorney that he "wouldn't testify" for the state and "wouldn't really say it was him" and then testified at that trial that he

didn't "know" or didn't "remember" and that, in fact, he was "too intoxicated to remember."

ORS 162.065 and 162.115 were adopted in 1971 as parts of the new Oregon Criminal Code. ORS 162.065 provides:

"(1) A person commits the crime of perjury if he makes a false sworn statement in regard to a material issue, knowing it to be false.

"(2) Perjury is a Class C felony."

ORS 162.115 provides:

"In any prosecution for perjury or false swearing, falsity of a statement may not be established solely through contradiction by the testimony of a single witness."

The "commentary" accompanying the Oregon Criminal Code of 1971 states (at 92) that:

"* * * Since the age of Blackstone, perjury has been declared not capable of proof on the uncorroborated testimony of a single witness, 'because there is then but one oath against another.'

"* * * * *

"ORS 162.160 [sic—ORS 162.115] is a statutory enunciation of the common law requirement in perjury cases for two corroborating witnesses or one witness and corroborating circumstances."

That "commentary" then quotes from *State v. Buckley, supra,* as the case which "first considered application of the Oregon statute," and which held (at 231) as follows:

"* * * [O]ur own statute (Hill's Code, § 778) has prescribed the *quantum* of evidence necessary to a conviction in this class of cases as follows: 'Usage, perjury and treason shall be proved by the testimony of more than one witness * * * and perjury, by the testimony of two witnesses, or one witness and corroborating circumstances.' * * *"

and (at 233):

"* * * What is meant by corroborating evidence in this connection is evidence *aliunde,*—evidence which

tends to show the perjury independent of the prisoner's declarations. [Citing cases]."

It appears from that "commentary," and the legislative history of ORS 162.115, that it was intended to be a recodification of the common law rule which was incorporated in the statute interpreted by this court in *Buckley.*

The majority of the courts hold that the requirement that in prosecutions for perjury the falsity of a statement of fact must be proved by the testimony of two witnesses or one witness and "corroborating circumstances" is not satisfied by circumstantial evidence alone.[2] An exception to that rule is recognized by many courts in cases in which the subject matter of the falsity is not of a nature susceptible of direct proof, as in cases in which the perjured statement was one of opinion, belief or memory.[3]

Thus, in *People v. Doody,* 172 NY 165, 64 NE 807 (1902), as in this case, the perjury consisted of the defendant's false statement that he "did not remember" certain facts. In that case, the court said (at 808-09) that although no witness was produced who could swear that the defendant knew and remembers such facts, that issue "had to be determined by circumstantial evidence" because in such cases "it may be difficult [if not impossible] to prove that [defendant's] * * * memory * * * was otherwise."

The Court of Appeals cited *People v. Doody, supra,* with seeming approval, but held that under the Oregon statutes, as construed by this court in *State v. Buckley, supra,* it could not properly reach such a result in this case. 25 Or App at 781-83.

In our opinion, the decision in *Buckley* is not

[2] *See* 2 Wharton's Criminal Evidence 463, § 489 (13th ed 1972), and 88 ALR2d 852, 859 (1963).

[3] *See* Wharton, *supra,* note 2, at 464 and 88 ALR2d, *supra,* note 2, at 870. *See also, United States v. Rivera,* 448 F2d 757 (7th Cir 1971); *Fotie v. United States,* 137 F2d 831, 842 (8th Cir 1943); *Behrle v. United States,* 100 F2d 714 (DC Cir 1938); *State v. Wilhelm,* 114 Kan 349, 219 P 510 (1923); and *People v. Doody,* 172 NY 165, 64 NE 807 (1902).

inconsistent with *Doody* and does not require a reversal of the conviction in this case. In *Buckley* the defendant had been found by officers with a wound in his abdomen. He then told the officers and a newspaper reporter that he had been stabbed by one Brown, who was then prosecuted for that crime. On the trial of Brown, however, defendant testified that he did not remember how he received that wound and did not remember telling the officers and reporter that Brown had stabbed him and that the reason he could not remember was that he was drunk at that time. Defendant was then charged with perjury.

On that trial the evidence offered by the state was limited to: (1) testimony by the judge and prosecuting attorney at the previous trial, who testified to the testimony given by defendant at that trial, as previously stated, and (2) testimony by officers that at the time of the previous incident defendant told them that he had been stabbed by Brown and that he was sober at that time.

Based on that record, it was properly held in *Buckley* (at 231) that:

> "* * * The defendant was convicted of the crime of perjury on proof of his own contradictory statements in reference to the same transaction, made on several occasions when he was not under oath, and finally when he was examined as a witness in the police court."

and (at 232) quoting 1 Greenleaf, Evidence § 259 (Redfield's ed 1866):

> "If the evidence adduced in proof of the crime of perjury consists of *two opposing statements of the prisoner, and nothing more,* he cannot be convicted * * *." (Emphasis added)

The court in *Buckley* went on to point out (at 232-33) that if it had been proven that Brown did in fact stab defendant, so as to provide "clear proof that the fact about which the false statement under oath

was made did exist" the result might be different,[4] but that:

> "* * * There must be at least one witness and corroborating circumstances; that is, one witness testifying to *the main fact in issue,* and then another witness or corroborating circumstances, tending to prove the main fact. * * *" (Emphasis added)

■ In *Buckley* we indicated that the falsity of the "main fact" upon which a perjury charge rests in a case in which defendant denies recollection of a fact and the "fact" which must be proved by two witnesses, or by one witness and corroborating circumstances is the truth of the previously remembered fact. Although such an analysis proceeds in terms of the truth of such a "main fact" rather than in terms of whether or not defendant did or did not remember the fact which he had previously remembered and whether his knowledge of that fact can be proved by circumstantial evidence, as under the analysis in *People v. Doody, supra,* we believe that the result is the same in either event. The requirements of the *Buckley* analysis are clearly satisfied in this case. The "main fact" in *Buckley* was that Brown had stabbed defendant, not, as the Court of Appeals interpreted it, that defendant remembered Brown stabbing him. The "fact" about which the false statement was made in this case was whether defendant was with Etcher at the time of the incident. Etcher himself testified to that fact. There was also other corroborating evidence tending to prove that "main fact" by evidence that the car in which defendant was sitting at that time was owned by Etcher, as shown not only by Etcher's testimony, but by the traffic citation to Etcher found in that car. Defendant also admitted that he had been with Etcher all of the previous afternoon and that he later told

---

[4] We noted in *State v. Buckley,* 18 Or 228, 232, 22 P 838 (1889), that had such proof been present the case might have been "brought within the principle" of the then-recent case of *United States v. Brown,* 6 Utah 115, 21 P 461 (1889). In *Brown* a perjury conviction was upheld on evidence that defendant made inconsistent statements concerning a belief. Other evidence proved that the statements made while not under oath were true rather than those made under oath.

Etcher's lawyer that he was with Etcher at that time. In addition, the officers testified that he was not drunk either at the time of the incident or at the time he executed signed statements. We hold that the testimony of Etcher and corroborating circumstances (such as the traffic citation found in the car where defendant was sitting and defendant's prior statements) satisfied the requirements of the corroboration statute, as construed in *Buckley.*

■ We believe, however, that the preferable analysis for application in such cases is as stated and applied in *People v. Doody, supra,* in which the court recognized that when, as in this case, the defendant testified that he did not remember whether or not a fact is true or false, as previously testified by him, no witness can be produced who can swear to the fully subjective fact that the defendant knew and remembered such a fact at the time of the testimony claimed to be perjured. It follows, as a matter of necessity, that such an issue must be established by circumstantial evidence. This is also in accord with the rule as stated in *United States v. Rivera,* 448 F2d 757, 758 (7th Cir 1971), holding that:

"* * * Once the objective falsity of facts testified to has been established under the strict requirements of the 'two witness rule' which is applicable to perjury prosecutions, a defendant's belief as to the falsity of his testimony may be established by circumstantial evidence and by inference drawn from proven facts. * * *"

*See also Young v. United States,* 212 F2d 236, 241 (DC Cir 1954); and 2 Wharton's Criminal Evidence 464-65, § 489 (13th ed 1972). In such a prosecution for perjury the state still has the burden to prove beyond a reasonable doubt that defendant did, in fact, remember what he claims to have forgotten. That fact, however, must necessarily be proved by circumstantial evidence and, in our opinion, there was ample evidence from which the jury could properly make such a finding in this case.

We also hold that such an analysis is consistent with the requirement of ORS 162.065 and 162.115, as we construe them and that our previous decision in *Buckley* does not foreclose such a result, as viewed by the Court of Appeals.

For these reasons we must reverse the decision by the Court of Appeals and remand this case to it with instructions that the judgment of conviction of the defendant be reinstated.

Reversed and remanded.