OPINION OF THE COURT
Chief Judge Wachtler.
The defendant has been convicted of perjury for giving false testimony to a Grand Jury investigating a homicide. The Appellate Division affirmed and the defendant appeals. His primary contention is that the trial court erred "in permitting the prosecution to prove * * * perjury entirely by circumstantial evidence, where the alleged falsity of the defendant’s statements was capable of being proved by direct evidence”.
On August 24, 1982 the defendant complained to the police in Manhattan that Darren McNamara was harassing the defendant’s daughter by calling her, sending her letters, and following her. The investigating officer, Detective Hoffman, noted that this was not a high priority case because there had been no threats, but told the defendant that he would see what he could do. The defendant replied, "If the police can’t handle it, I will”.
The following day the defendant called Detective Hoffman and informed him that McNamara had threatened to kill the defendant’s daughter. The officer told the defendant that he would go to the address the defendant had given him and try to find McNamara. That evening, at about 8:30, the officer called the defendant and informed him he had been unable to locate McNamara or to reach him on the phone but would try *293 again in a couple of days. The defendant said, "I got two guys that can handle it”, and "I’ll send them over”. Detective Hoffman told him, "I don’t want to hear that”. The defendant replied, "Don’t worry about it, goodbye”.
At approximately 9 o’clock that same evening McNamara was assaulted by two men on the street outside his apartment. One of the men, later identified as John Bonizio, beat McNamara with a baseball bat and told him "Keep away from her”. McNamara subsequently died as a result of the beating. Bonizio was a friend and former employee of the Rosner family. On August 30, five days after the assault, police officers saw Bonizio enter the defendant’s apartment accompanied by the defendant and his wife.
In November 1982 the defendant was summoned to appear before a Grand Jury investigating McNamara’s death. During that inquiry the defendant was asked the following questions and responded as indicated:
"Q. Did you ever ask John Bonizio to either see Darren McNamara or to contact him?
"A. No.
"Q. Did you ask anyone else other than Detective Hoffman to see or otherwise contact Darren McNamara?
"A. No.
"Q. Did you speak to John Bonizio on August 25th concerning Darren McNamara?
"A. I don’t believe so.”
On the basis of this testimony the defendant was indicted for perjury. At the trial the People called several witnesses to testify to the circumstances related above in support of the perjury charges. The defendant testified on his own behalf and corroborated much of the prosecution’s case. However, he claimed that the two men whose help he intended to seek were police officer acquaintances, whom he hoped would be able to obtain information concerning McNamara quicker than Hoffman could. He also claimed that he had seen Bonizio in July and again on August 30, 1982 and did not mention McNamara’s harassment to Bonizio until the latter date.
The defendant moved to dismiss the indictment on the ground, among others, that the People had failed to establish a prima facie case under Penal Law § 210.50, noting that the prosecution’s case was entirety circumstantial. The court denied the motion and the jury found the defendant guilty of *294 three counts of perjury. The Appellate Division affirmed, without opinion (107 AD2d 652).
On this appeal the defendant contends that circumstantial evidence alone is generally insufficient to prove a perjury charge. He claims that there is a narrow exception recognized in this State in cases where the charge is inherently incapable of direct proof but urges that this exception is not applicable here. Thus he argues that the evidence was insufficient as a matter of law because the People did not produce any witness who either participated in or overheard, the conversations he allegedly had with Bonizio.
The arguments are based on the so-called "two-witness rule” recognized at common law (People v Fellman, 35 NY2d 158, 168) and codified in this State in Penal Law § 210.50. That statute provides, with exceptions not relevant here, that in "any prosecution for perjury * * * falsity of a statement may not be established by the uncorroborated testimony of a single witness”. On its face the statute only requires the People to furnish corroboration of a witness who testifies to the falsity of the defendant’s statement, and does not expressly preclude them from relying on circumstantial evidence. However, a majority of the States which still follow the two-witness rule have held that it also establishes a qualitative evidence standard which requires the People to submit direct evidence of falsity and corroboration in perjury cases generally (see, Conviction of perjury where one or more of elements is established solely by circumstantial evidence, Ann., 88 ALR2d 852). This rule, generally prohibiting the prosecution from relying totally on circumstantial evidence in perjury cases, has been criticized and the courts which originally adopted it have subsequently diluted it with exceptions (see, e.g., Ann., op. cit., at 857-858; see also, 7 Wigmore, Evidence §§ 2040, 2041 [3d ed 1940]). It has never been recognized by the courts of this State as having any validity (see, e.g., People v Doody, 172 NY 165; People v Fellman, 35 NY2d 158, 168, supra; People v Gottfried, 61 NY2d 617; People v Malone, 9 AD2d 658, affd 7 NY2d 1034; Ann., op. cit., at 873).
In People v Doody (supra), we expressly held that the People could rely entirely on circumstantial evidence to prove a charge of perjury. However, the defendant urges that that case created a narrow exception, permitting the People to rely exclusively on such proof only when the charge was inherently incapable of being proven by direct evidence. He notes *295 that courts in other jurisdictions have so construed our holding (see, e.g., United States v Otto, 54 F2d 277; Behrle v United States, 100 F2d 714, 715; State v Shoemaker, 211 Ore 55, 559 P2d 498). The argument is based on the fact that in Doody, the defendant was charged with falsely testifying that he could not remember certain events. This, the defendant argues here, could not have been proven by direct evidence, and therefore circumstantial evidence alone was accepted for the limited purpose of proving subject matter which is not by its nature susceptible of direct proof. It is further urged that the narrow exception thus created applies only in cases where it is theoretically impossible to prove the perjury by direct proof, and has no application where the People are, as a practical matter, unable to offer direct evidence of a fact theoretically capable of such proof (see, e.g., United States v Otto, supra, p 279). Thus in the case now before us the defendant contends that the People were not entitled to rely on the exception because they could, theoretically, have called Bonizio or some other witness who overheard the conversations, even though it might have been actually impossible for the People to produce such a witness.
Our holding in Doody was not expressly limited to cases of inherent impossibility and the facts of the case do not support the suggested limitation. A confession or admission is direct proof (People v Lipsky, 57 NY2d 560, 570; People v Bretagna, 298 NY 323) and it is not theoretically impossible for the defendant to admit to another that he previously lied when he testified that he did not recall certain events (cf. People v Fellman, supra, pp 161-162). In fact, the Doody case did not recognize any general rule prohibiting the People from relying entirely on circumstantial evidence in perjury cases, nor did it create a limited exception. On the contrary we held that the two-witness rule does not pose any impediment to proving perjury solely on the basis of circumstantial evidence.
That holding is consistent with the limited purpose Penal Law § 210.50 serves in this State. The common-law rule was retained by the Legislature to protect " 'honest witnesses’ ” from unfounded, retaliatory complaints of perjury by " 'defeated litigants’ ” (People v Fellman, supra, p 168; Denzer & McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 210.50 [1967]). It is analogous to the accomplice rule because "both of these corroboration rules are founded on the common theory that an accused should not be convicted solely upon the testimony of a witness having a *296 clear motive to fabricate” (People v Fellman, supra, pp 168-169). All that these rules require is that the People provide corroboration when they choose to rely on the suspect testimony of an accomplice or a single witness offering evidence, even direct evidence, of the defendant’s perjury. Neither rule was intended to require the People to produce the "suspect” testimony in every case or forfeit the prosecution when, as here, they are able to offer circumstantial evidence which alone is sufficient to establish guilt.
We have considered the defendant’s other arguments and have found that they were either not preserved or lack merit.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed.