Argued and submitted December 30, 1992, affirmed May 19, reconsideration denied August 11, petition for review denied August 24, 1993 (317 Or 486)

## STATE OF OREGON,
*Respondent,*

*v.*

## DANIEL KIM PARK,
*Appellant.*

(C91-0192CR; CA A72627)

852 P2d 872

Irene B. Taylor, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and John Payne, Certified Law Student, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

After a trial to the court, defendant was convicted of perjury. ORS 162.065. He appeals, assigning as error the court's denial of his motion for judgment of acquittal. We affirm.

Defendant unsuccessfully moved for judgment of acquittal at the close of the state's case. He then elected not to stand on that motion and presented evidence. Consequently, we review all of the evidence presented to determine whether a jury could find defendant guilty beyond a reasonable doubt.

In 1983, defendant was convicted of criminally negligent homicide resulting from the operation of a motor vehicle and was placed on five years probation, with one year of jail time as a condition of probation. In May, 1990, he was cited for driving under the influence of intoxicants. The attorney who represented him on that charge informed defendant that he could apply for diversion if he did not have any convictions involving drinking and driving within the last ten years, including any conviction for criminally negligent homicide. Defendant applied for diversion in June, 1990. As part of his application for diversion, he swore in an affidavit that:

> "I have *not*, within ten years of my arrest on this DUII charge, been convicted * * * of Driving While Under the Influence of Intoxicants, or its statutory counterpart of murder, manslaughter, criminally negligent homicide or assault which resulted from the operation of a motor vehicle * * *." (Emphasis in original.)

When it was discovered that that statement was false, the state initiated this prosecution.

The state's evidence showed that defendant had been convicted of criminally negligent homicide. It also showed that, after he signed the affidavit, he viewed a video tape that explained the eligibility requirements for diversion, including those specified in the affidavit, and had an opportunity to ask questions about the diversion process before appearing in court on his petition for diversion.

Defendant did not testify in the perjury trial. His sole witness was the attorney who represented him on the DUII charges. She testified that defendant had informed her that

he had a prior conviction for criminally negligent homicide, but was unsure when that conviction had been. She told him to start filling out the diversion paperwork and that she would attempt to discover when he had been convicted. If he was ineligible, she would inform him not to show up for diversion. She did not testify as to whether she ever contacted defendant again concerning his prior conviction.

ORS 162.065(1) provides:

"A person commits the crime of perjury if the person makes a false sworn statement in regard to a material issue, *knowing it to be false.*" (Emphasis supplied.)

Defendant does not dispute that the evidence sufficiently shows that the statement he made was false and material. He contends that the evidence fails to show that he *knew* his statement was false.

■   The state contends that a person commits perjury by stating a fact, when that person is unsure of the truth or falsity of that fact. That, it argues, was the rule at common law, and should be the rule under ORS 162.065(1), because the legislature did not intend to abrogate common law when it enacted ORS 162.065(1). It also contends that the common law rule makes great sense from a policy perspective.

■   Whatever the common law of crimes may have been, that law was abrogated by the legislature's adoption of the Deady Code in 1864. *State ex rel Juv. Dept. v. Merritt*, 83 Or App 378, 380, 732 P2d 46 (1987). Moreover, regardless of the purported wisdom of a particular rule of substantive law, we cannot, by judicial fiat, graft that rule onto a statute. Our role in construing a statute is simply to ascertain the intent of the legislature, not to insert what has been omitted. ORS 174.010. That inquiry begins with an examination of the text and context of the statute. *Boone v. Wright*, 314 Or 135, 138, 836 P2d 727 (1992).

ORS 162.065(1) prohibits making a false statement of fact or of state of mind, *"knowing it to be false."* (Emphasis supplied.) A person who is *unsure* about the truth or falsity of a factual assertion has not made that assertion *knowing* it to be false. Consequently, under the express terms of ORS 162.065(1), proof of perjury requires a knowing false statement of fact.

Moreover, the legislative history of ORS 162.065(1) reveals that, as that law was originally proposed, a statement would have been perjurious if the speaker knew or had "reason to know" that the statement was false. One of the members of the subcommittee that was evaluating the proposed law indicated that the object of that language was to prevent people from testifying to a fact in situations where they have no knowledge one way or the other. *See* Minutes, Criminal Law Revision Commission, Subcommittee No. 2, July 18, 1969, p 4. Other subcommittee members expressed concern that that would permit perjury prosecutions for negligent false statements. The proposed law was then amended, deleting the "having reason to know" provision so that it would be necessary to prove that the defendant knew that a statement was false. *See* Minutes, Criminal Law Revision Commission, Subcommittee No. 2, September 16, 1969, p 7.

Had the legislature intended to permit perjury prosecutions for negligent misstatements, it would not have deleted the "having reason to know" language from the proposed statute. Nevertheless, the state contends that such misstatements constitute perjurious misrepresentations of the speaker's state of mind. That argument conflicts with the legislature's intent not to make negligent misstatements perjurious. Moreover, it ignores the explicit provisions of the perjury statute that relate to representations of state of mind.

■ The state's evidence established that defendant made a false material statement of fact. That evidence was also sufficient to give rise to an inference that defendant knew it was false. His own evidence was that he told his attorney he did not know when the conviction occurred. The motion for judgment of acquittal was properly denied when it was made and defendant's exculpatory evidence did not require the conclusion he did not know his statement was false. Accordingly, there was no error.[1]

Affirmed.

---

[1] Although the trial court in its role as factfinder found that defendant was unsure of the date of his conviction, defendant did not contend in the trial court that the judgment was inconsistent with the findings and does not assign that as error on appeal.