Argued and submitted October 27, reversed in part; otherwise affirmed
December 14, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# FRANK RAYMOND REAL,
*Appellant.*

## (93CR-0064; CA A79330)

886 P2d 501

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Diane S. Lefkow, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals his convictions for three counts of perjury, ORS 162.065,[1] arising from his testimony during a suppression hearing. We reverse the conviction on the first count because of insufficiency of evidence, ORS 162.115, and otherwise affirm.

On November 29, 1992, Oregon State Police trooper Walter Markee stopped a car in which defendant was a passenger. Markee asked to search the car, and both the driver, Morales, and defendant consented. During the search, Markee found two bricks of marijuana, weighing approximately two pounds, sealed in two plastic baggies which were, in turn, enclosed in three plastic bags, on the floorboard directly behind defendant's seat. Markee also found heroin in a suitcase in the trunk and related paraphernalia in a duffle bag in the back seat. After being informed of his *Miranda* rights, defendant allegedly told Markee that the marijuana, heroin, and paraphernalia were his; that he intended to trade the marijuana for other drugs; and that Morales knew nothing about the contraband in the car. Markee then arrested defendant and permitted Morales to leave.

Defendant was charged with possession of controlled substances, ORS 475.992(4), and with delivery of marijuana for consideration, ORS 475.992(2)(a). Defendant moved to suppress the drugs and paraphernalia seized during the search, arguing, in part, that neither he nor Morales had consented to the search. During the suppression hearing, Markee testified that both defendant and Morales had consented to the search and that defendant had admitted that the drugs and paraphernalia were his. Defendant testified and denied that he even knew about, much less possessed, the drugs and paraphernalia. He expressly testified that the car did not smell of marijuana. Finally, defendant denied ever telling Markee that the drugs and paraphernalia were his. The trial court denied the motion to suppress, and defendant was later convicted on the drug possession and delivery charges.

---

[1] ORS 162.065(1) defines criminal perjury:

"A person commits the crime of perjury if the person makes a false sworn statement in regard to a material issue, knowing it to be false."

Defendant was then indicted on three counts of perjury. Specifically, defendant was charged with having committed perjury by testifying during the suppression hearing that: (1) he did not possess or know about the marijuana; (2) he did not possess or know about the heroin and paraphernalia; and (3) he never told Markee that he possessed or knew about the marijuana, heroin, or paraphernalia. A jury convicted defendant on all three counts.

Defendant seeks reversal on two grounds. First, there was insufficient evidence as to each of the three counts. Second, in any event, defendant's alleged false testimony at the suppression hearing was not "material" to the court's disposition of the suppression motion and, thus, could not be the basis for a perjury conviction. *See* ORS 162.055(2).[2]

Defendant's argument regarding insufficiency of the evidence turns on the application of ORS 162.115. That statute, titled "Corroboration of falsity required," reads:

"In any prosecution for perjury or false swearing, falsity of a statement may not be established solely through contradiction by the testimony of a single witness."

Few reported Oregon decisions construe and apply ORS 162.115. However, in *State v. Shoemaker*, 277 Or 55, 559 P2d 498 (1977), the Supreme Court observed that the statute codifies the common law rule that perjury cannot be proved by the uncorroborated testimony of a single witness, " 'because there is then but one oath against another.' " 277 Or at 59, *quoting* Commentary to Oregon Criminal Code of 1971 at 92.

With respect to Count I, which was based on defendant's denial that he knew about or possessed the marijuana, defendant contends that the prosecution's only proof was Markee's testimony that defendant admitted that he knew about the marijuana and that it was his. Thus, defendant reasons, the falsity of his statements about the marijuana

---

[2] ORS 162.055(2) reads:

" 'Material' means that which could have affected, the course or outcome of any proceeding or transaction. Whether a false statement is 'material' in a given factual situation is a question of law."

was "established solely through contradiction by the testimony of a single witness," *i.e.*, Markee, in contravention of ORS 162.115.

The state does not contest defendant's premise that, under ORS 162.115, the prosecution was obliged to present proof beyond Markee's testimony describing defendant's statements at the time of the search. *See State v. Shoemaker, supra.* Instead, the state asserts that such corroborative evidence was presented. Specifically, the state argues that the combination of: (1) defendant's acknowledgement that he was familiar with the smell of marijuana, and (2) the presence of two pounds of marijuana on the floorboard immediately behind defendant's seat, established that defendant must have known about the marijuana in the vehicle.[3] That evidence, the state reasons, provided sufficient corroboration, beyond Markee's statements, of the falsity of defendant's testimony at the suppression hearing.

■ The difficulty with the state's reasoning is that the combination of defendant's olfactory talents and the proximity of the marijuana does not, by itself, corroborate that defendant knew about the marijuana. There was no evidence that the marijuana was plainly visible from the front seat or from outside the car. There was no evidence that marijuana quadruple-wrapped in plastic has, or can have, a discernible odor. Finally, there was no physical evidence, such as fingerprints, linking defendant to the marijuana.

The only evidence the state invokes to bridge the inferential gap is Markee's testimony that, when he questioned the driver, Morales, "he denied being able to smell marijuana in the vehicle *which I doubted.*" (Emphasis supplied.) The state contends that testimony implies that the car smelled of marijuana.

We do not believe that Markee's oblique reference reasonably yields the required inference. However, even if we were to accept the state's highly speculative reading, that testimony still would not satisfy the statutory corroboration

---

[3] The state argued:

"[G]iven the quantity and location of the marijuana, and given that defendant 'can smell it right away,' it is inconceivable that defendant did not have knowledge of its presence in the car."

requirement. Just as Markee's testimony describing defendant's statements at the time of the search was insufficient to satisfy ORS 162.115, so too was his testimony arguably implying that the car smelled of marijuana. In both instances, Markee was a "single witness" presenting testimony contradicting defendant's allegedly false statements, which denied knowledge of the marijuana, and particularly denied that the car smelled of marijuana. Thus, the evidence pertaining to Count I reduced to a "swearing match" between defendant and Markee. In those circumstances, ORS 162.115 precludes conviction. *See State v. Shoemaker, supra,* 277 Or at 59-60; ORS 162.115.

■ The state's proof on Counts II and III did not suffer from the same lack of corroboration. On Count II, which was based on defendant's denial that he knew about or possessed the heroin and related paraphernalia, the state presented both Markee's testimony describing defendant's admissions following the search and *defendant's* own mutually inconsistent statements during the suppression hearing as to whether he owned the luggage in which the heroin and paraphernalia were found.

■ On Count III, which was based on defendant's denial that he told Markee that the drugs and paraphernalia were his, the state relied not only on Markee's contradicting testimony, but also on the circumstantial evidence that, after Markee spoke with defendant, he released the driver, Morales. The state argues that, as a matter of reasonable inference, Markee would not have released Morales, the driver of a car in which contraband had been found, but for his passenger's admission that the drugs and paraphernalia were his. We agree. *See State v. Shoemaker, supra,* 277 Or at 59 (perjury may be proved through the combination of testimony of a single contradicting witness and corroborating circumstantial evidence).

We have considered defendant's second assignment of error concerning the alleged non-materiality of his testimony and find it to be without merit.

Conviction on Count I reversed; otherwise affirmed.