No. 367 April 23, 2025 125

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW E. SAGASER,
*Defendant-Appellant.*

Grant County Circuit Court
22CR49664; A182013

Cheryl A. Pellegrini, Senior Judge.

Submitted February 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals a judgment of conviction entered after a jury found him guilty of perjury, ORS 162.065, and tampering with physical evidence, ORS 162.295. At the close of the state's case, defendant unsuccessfully moved for judgments of acquittal on each of those charges. On appeal, defendant raises two assignments of error arguing that the trial court erred in denying those motions. We affirm.

On review of the denial of a motion for judgment of acquittal, we examine "the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

In 2021, defendant was cited for driving while uninsured. Defendant submitted two forms to the justice court showing proof of insurance for a "1996 Pontiac Grand Am G" and/or a "96 point gram/red 4d." Based on that proof of insurance, the justice court dismissed the 2021 case.

In 2022, defendant was cited again for driving while uninsured. Defendant submitted a form similar to the two forms submitted a year earlier as proof of insurance for a "1999 Volkswagen Passat." The justice court noted irregularities with that form that ultimately led to defendant being charged with perjury and tampering with physical evidence.

While at trial on those charges, the state presented evidence that when asked about the similarities between the 2022 document and the forms submitted in 2021, defendant testified under oath that "[t]he insurance company had it in their system, and they just updated it and reprinted it." Defendant also testified that his ex-girlfriend gave him the form. However, she denied doing so. There was also evidence that the insurance agent whose signature was on the 2022 form had not signed it, and the insurance company did not have the form in its files. A jury found defendant guilty of perjury and tampering with physical evidence.

On appeal from his convictions, defendant focuses on the knowledge element of those crimes. As relevant here, "[a] person commits the crime of perjury if the person makes a false sworn statement *** knowing it to be false." ORS 162.065(1). A person commits the crime of tampering with physical evidence if, with intent that it be used in an official proceeding, the person "[k]nowingly makes, produces, or offers any false physical evidence." ORS 162.295(1)(b). A person acts "knowingly" when the person "acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." ORS 161.085(8).

Defendant argues that the record is "devoid of evidence" that he knew he made a false statement or that he knowingly offered false physical evidence. However, in perjury prosecutions, the state may rely on circumstantial evidence to prove a defendant knew a statement was false. *State v. Shoemaker*, 277 Or 55, 63-64, 559 P2d 498 (1977). For example, in *State v. Park*, 120 Or App 294, 852 P2d 872, *rev den*, 317 Or 486 (1993), when applying for diversion, the defendant made a sworn statement that he had not been convicted within the prior ten years of criminally negligent homicide. *Id.* at 296. That statement was false. *Id.* We concluded that the circumstantial evidence supported an inference that the defendant knew his statement was false because he had discussed his prior conviction with an attorney when applying for diversion, and he claimed to have been unsure of when the conviction occurred. *Id.* at 298.

Here, there was circumstantial evidence that defendant knew his statement about the insurance company having the form in their system was false, and that he knew he had offered false physical evidence to the justice court. Defendant does not dispute that the 2022 form was fake. There was evidence that the insurance company did not generate it, and defendant did not obtain it from his ex-girlfriend, despite his claim to the contrary. The 2022 form was substantially similar to the forms submitted to the justice court a year earlier to obtain dismissal of a prior citation for driving while uninsured. Thus, defendant had a motive to create the fake form in an effort to obtain

dismissal of his 2022 citation, and the persons or entities whom he claimed created it denied doing so. That evidence supports the reasonable inference that defendant knew his challenged statement was false, and he knew he had offered false evidence to the justice court. *See State v. Hedgpeth*, 365 Or 724, 733, 452 P3d 948 (2019) (explaining that "a party may rely on reasonable inferences arising from circumstantial evidence to establish elements of a criminal offense").

Affirmed.