The Court
(Strong, Sedgwick, and Thacher, justices) told the Solicitor-General he need not reply. They said the case was too plain to argue; that it was impossible to extend a penal statute, by implication, in the manner contended for, and unanimously reversed the judgment for the first error assigned. The Court gave no opinion as to any other error.

Judgment reversed.

(No costs allowed upon the writ of error, judgment being reversed for error in law.)
The entry of reversal was entered—“ And now, because it appears to the Court here that the said Nathaniel Ripley was not, by the said sixth section of the act in his declaration mentioned, entitled to recover the penalty in the said section expressed, as by his declaration aforesaid he has demanded, it is considered, &c.” (a)
Note.—Although it seems to have been conceded, by the counsel for the defendant in error, that a field-driver is not authorized, by the statute upon which this action was brought, to take up and impound neat-cattle, and although it is certain that the Court held that a field-driver could not, by virtue of the statute, recover the penalty for rescuing such cattle from his hands ; yet it has been doubted whether there are not cases in which a field-driver may, by virtue of this statute, take up and impound neat-cattle, for which the third section of the act is relied on. If, then, he has, by the words in that section of the act, such power, will not the words in the sixth section, “ creatures taken up as aforesaid,” apply as well to neat-cattle mentioned in the third section, as to horses, swine, &c., mentioned in the second? However that may be, it would not ultimately, it is believed, have made any difference in the case above decided, because it is very clear that the declaration was substantially bad, and upon which the Court could not have given judgment for the original plaintiff. See 2 East, Rep. 333, Lee vs. Clarke.

 [Brown vs. Chase, 4 Mass. 436.—Nelson vs. Andrews, 2 Mass. 164. Ante, 81, post, 411, 443, 480.—Ed.]