Manly, J.
The question brought up in this case for review is, whether a person of color under 14 years of age can be convicted of an assault with intent to commit a rape.
*301 By the provisions of the Rev. Code, fch. 107,- s. 44, and ch. 34, s. 5, the offence charged in the bill of indictment is declared to be a capital felony,, and is, therefore, entitled to vbe considered under the safeguards, which the law has • thought proper to throw around human life.
By the common law, persons between the ages of 7 and 14; may he convicted of most offences, if, added to the proof of the corpus débicti, there be proof also of the mischievous mind. There is a legal ■ presumption that such persons are doli incapaces■; but it is a rebuttable presumption. ' •
It is not so in respect to. the-crime of rape. The presumption against its commission by persons below the age of puberty, (14) is irrebuttable. This is not so much on the ground of incapacity of mind or will, but of physical impotency. It will follow, as a plain legal deduction from this, that the person under 14 cannot commit an assault with intent to commit a rape. It is a logical solecism to say, that a person can intend to do what he is physically impotent to do.
These principles are supported by the following authorities : Arch. Crim. Pr. 3, 3 Chitty’s Crim. Law, 811; Rex vs. Eldershaw, 14 Eng. Com. Law, 336, and Regina vs. Phillips, 34 Eng. Com. Law, 763.
The Courts of two of the States north of us have held convictions for ‘ assaults with intent ’ right, when the persons were under 14.. But it is noticeable that the offence in these States is a misdemeanor. In the one case, there was a divided Court, and in the other,, the common law-principles, as here laid down, were recognized; but the Court undertook to alter them, to suit the altered temperament of the population. .These do not at all effect the stability of the law as .now expounded. With the exceptions *302 noticed, it has been uniform, we think, in all the settlements of the continent which have adopted the common law of England.
By a proper consideration of principles, it will be seen why tfye fact found by the jury, that there was an emission of seed from the person of the prisbner, does not materially affect the case. The presumption which arises from want of age, applies equally to the offev >e c ■' rape and the of-fence of assault with intent to commit it. Both presumptions are.alike irrebuttable. , ,
The case of the State vs. Pugh, 7 Jones, 61, recognizes the distinction here made. So far from impugning, it is decided strictly in accordance with them.
Alargo portion of our population is of races from more Southern latitudes than that from which our common law comes. Wo have indeed an element of great .importance from the torrid zone of Africa. It is unquestionable that’ climate, food, clothing and the like, have a great influence in hastening physical development. Whether it may not be advisable to more down to an earlier age than 14, the period of puberty, for a portion, if not for all the elements in our population, may be a proper inquiry for the Statesman. The Courts declare the law as it stands. The Legislative body will enquire whether the exigencies of the age require change.
The judgment of the Superior Court is correct; and this decision must be certified to the Superior Court of Li of Davie County, that it may proceed to give judgment according to law.