STATE OF OREGON, Respondent, v. SAMUEL VOWELS, Appellant.

MAYHEM.—Any offense made punishable by § 527 of the Criminal Code, may be denominated mayhem in indictments.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*George H. Durham, District Attorney, C. A. Ball and S. C. Simpson,* for Respondent.

*W. W. Page and W. W. Thayer,* for Appellant.

By the Court, McARTHUR, J.:

The indictment in this case charges Samuel Vowels with the crime of mayhem, alleged to have been committed as follows: "The said Samuel Vowels, on the 25th day of December, 1870, in the county of Multnomah and State of Oregon, did purposely, maliciously, and feloniously, tear off the left ear of Joseph Taylor."

The only question to be considered arises upon the sufficiency of the indictment to support the conviction had thereon in the Court below. It is contended, by counsel for appellant, that under §§ 69 and 70 of the Criminal Code, the crime charged to have been committed must be named in the indictment, if it have a name, or, if it have no general name, it must be indicated by a brief description, as given by law. Of the correctness of this position there can be no doubt. But it is further urged that there is no such crime known to the laws of Oregon as the crime of "mayhem." Of this let us inquire.

The indictment herein is based upon § 527 of the Criminal Code, which provides that "if any person shall purposely and maliciously, or in the commission or attempt to commit a felony, cut or tear out or disable the tongue, or put out or destroy the eye, or cut or slit or tear off an ear, cut or slit or mutilate the nose or lip, or cut off or disable the limb or member of another, such person, upon conviction thereof, shall be punished by imprisonment in the Penitentiary for not less than one nor more than twenty years." It may not be amiss to state that this section is based upon the English statute of 22 and 23 Car. II, ch. 1, commonly known as the Coventry Act, the circumstances which led to the passage of which are recounted by Lord Macaulay (Hist. Eng., vol. i, 8vo. ed. p. 77).

Although the crime of tearing off the ear of another is not embraced within the crime of mayhem, as known to the common law, and although our Courts have no right to assume jurisdiction of common law offenses not included in our Criminal Code, yet we conceive the ground taken by appellant's counsel to be untenable, for the reason that the crimes made punishable by the section cited are, by the Criminal Code itself, declared to be mayhem. The Criminal Code, fully chapterized, sectionized, and, with the syllabi of the different chapters, was submitted to the Legislative Assembly, and, by that body, passed in exactly the shape in which it now stands upon the statute-book. These syllabi became parts of the law, and furnish the highest source from whence to draw information in relation to the nomenclature of the said Code. In the syllabus of chapter 2, § 527, is referred to as describing the crime of mayhem, and prescribing the punishment therefor. We are, therefore, of opinion that any offense made punishable by said section may, in the indictment, be denominated mayhem.

It follows that the judgment of the Court below must be affirmed.

Judgment affirmed.