Argued by appellant, December 10, 1924, reversed and remanded January 2, 1925.

## STATE *v.* HE QUAN CHAN.

(232 Pac. 619.)

**Indictment and Information—Indictment Charging Possession of Preparation Containing Morphine must Negative Exception Made by Statute.**

1. Indictment charging possession of preparation containing morphine in violation of Section 8645, Or. L., as amended by Laws of 1923, Chapter 27, must show preparation not within proviso, excepting preparations containing less than certain amount of morphine; quantity of morphine being part of description of offense.

**Indictment and Information—Indictment Charging Possession of Preparation Containing Morphine Held Defective for Failure to Negative Exception.**

2. Indictment charging possession of preparation containing morphine, in violation of Section 8645, Or. L., as amended by Laws of 1923, Chapter 27; stating merely that defendant had "in his possession a certain preparation containing morphine," *held* insufficient for failure to show preparation not within proviso, excepting preparation containing less than certain amount of morphine.

**Criminal Law—No Common-law Offenses in Oregon.**

3. There are no common-law offenses in Oregon.

---

1. Necessity for averment in indictment negativing exception in statute upon which prosecution is based, see notes in 6 Ann. Cas. 726; 13 Ann. Cas. 364; Ann. Cas. 1913B, 135. See, also, 14 R. C. L. 188.

3. See 5 R. C. L. 811.

Indictment and Information—Indictment must State Facts Sufficient to Constitute Offense Under Some Statute.

4. Indictment is bad, unless it states facts sufficient to constitute an offense under some statute.

Poisons—Charge of Possession of Morphine Preparation not Sustained by Proof of Small Amount of Opium.

5. Defendant, charged with possession of preparation containing morphine, in violation of Section 8645, Or. L., as amended by Laws of 1923, Chapter 27, cannot be convicted upon proof of possession of small amount of opium, since a different statute provides a different penalty for such offense.

---

See (1) 31 C. J. 720.  (2) 31 C. J. 726.  (3) 16 C. J. 67 (1926 Anno.).  (4) 31 C. J. 702.  (5) 31 Cyc. 899.

From Clatsop: J. A. EAKIN, Judge.

Department 1.

REVERSED AND REMANDED.

For appellant there was a brief and oral argument by *Mr. Edward E. Gray.*

No appearance for respondent.

RAND, J.—The defendant was tried and convicted of one of the crimes defined by Section 8645, Or. L., as amended by Chapter 27, Laws of 1923. The specific charge was the unlawful possession of morphine. Said section, as amended, provides that:

"It shall be unlawful for any person, firm or corporation * * to have in his or their possession any * * morphine * * or any of the salts, derivatives or compounds of the foregoing substances or any preparation or compound contained in or containing any of the foregoing substances or their salts, derivatives or compounds, excepting upon the written order or prescription of a physician or dentist or veterinary surgeon licensed to practice in this state * * ; provided, that the within provisions shall not apply to sales at wholesale by jobbers, wholesalers and manu-

---

4. See 14 R. C. L. 171.

facturers to pharmacies; and further provided, that the within provisions shall not apply to preparations sold or dispensed without a physician's prescription containing less than * * one-fourth grain of morphine * * in one fluid ounce; or if a solid preparation, in one avoirdupois ounce; and further provided that the above provisions shall not apply to the sale or compounding of remedies used for veterinary purposes and liniments. * * Any person convicted of having unlawful possession of any of the substances, preparations or compounds listed above shall, upon conviction be punished," etc.

1. Under this statute the possession of a preparation containing morphine may be either legal or illegal depending upon the quantity of morphine contained in such preparation. If the quantity of morphine equals or exceeds one-fourth grain to the fluid ounce, if in solution, or to the avoirdupois ounce if not in solution, the possession of such preparation is made penal by statute, but if the quantity is less than that amount per ounce, its possession is not unlawful. Hence the quantity of morphine contained in such preparation is a part of the description of the offense.

2. At the commencement of the trial the defendant objected to the introduction by the state of any evidence, upon the ground that the indictment was fatally defective, for the reason that it failed to allege the amount or quantity of morphine contained in the preparation. The charging part of the indictment reads as follows:

"The said He Quan Chan on the 11th day of March, A. D. 1923, in the County of Clatsop and State of Oregon, then and there being, did then and there willfully, unlawfully and feloniously have in his possession a certain preparation containing morphine; he, the said He Quan Chan, not then and there having said preparation in his possession upon the written order or prescription of a physician or den-

tist or veterinary surgeon licensed to practice in the State of Oregon, contrary to the statutes,'' etc.

Under the facts charged in the indictment the defendant may have been guilty of a penal offense or he may have been entirely innocent of any offense. He was charged with the act of possessing a preparation, which possession, under the statement of facts contained in the indictment, may have been either lawful or unlawful. In order to render defendant's possession of the preparation unlawful it was necessary for it to contain a sufficient quantity of morphine to bring its possession within the prohibiton of the statute. In order, therefore, to charge the defendant with a violation of the statute, the quantity of morphine being a part of the description of the offense, or, in other words, a constituent element of the offense without which no offense could exist, it was necessary for the indictment to state those facts which, under the statute, would make the act of possession a penal offense.

3, 4. It is a fundamental principle in this state,— there being no common-law offenses indictable or punishable as such: *State* v. *Vowels,* 4 Or. 324; *State* v. *Gaunt,* 13 Or. 115 (9 Pac. 55); *State* v. *Nease,* 46 Or. 433 (80 Pac. 897),—that an indictment is bad unless it contains a statement of facts which is sufficient to constitute an offense under some statute. The enactment clause of this statute, by way of a proviso, contains an exception which limits the operation of the statute and therefore defines the offense and is descriptive of it. Hence, the case comes within the rule stated in *United States* v. *Cook,* 84 U. S. (17 Wall.) 168 (21 L. Ed. 538, see, also, Rose's U. S. Notes), that where a statute defining an offense contains an exception in the enacting clause of the statute which is so incorporated with the language

defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception.

This rule, we think, is in conformity with the previous decisions of this court. See *State* v. *Tamler*, 19 Or. 528 (25 Pac. 71, 9 L. R. A. 853), where this court, discussing this question, said: "The general rule on this subject is, that where the exception or proviso is stated in the enactment clause, it is necessary to negative them in order that the description of the offense may in all respects correspond with the statute; but where such exception or proviso is contained in another or subsequent section of the statute, it is a matter of defense and need not be negatived in the indictment." See, also, *City of Astoria* v. *Malone*, 87 Or. 88, 93 (169 Pac. 749), where the decisions of this court on that question are cited. See, also, the decision in the case of *State* v. *Rosasco*, 103 Or. 343 (205 Pac. 290), which, when read in connection with the facts there under investigation, confirms what is here said and contains nothing in conflict therewith.

Under this statute, the fact that the preparation contained a prohibited quantity of morphine was a necessary ingredient of the offense upon which the criminality of the defendant was made to depend. The possession of a preparation containing less than the prohibited quantity of morphine constitutes an exception to what was made criminal by the statute, and by the express terms of the statute was excluded from its operation. In order to constitute an exception it is not necessary that the statute should use the word "except." "The words 'unless,' 'other than,' 'not being,' 'not having,' etc., have the same legal

effect and require the same form of pleading.''
Note to 1 Wharton on Criminal Pleading (10 ed.),
p. 328. In defining the offense the statute provides
that its provisions shall not apply to preparations
sold or dispensed, without a physician's prescription,
containing less than one-fourth grain of morphine,
etc. For the indictment to be good under this
statute it was necessary for it to charge that the
defendant was in possession of a preparation which
came within the operation of the statute. As this
indictment did not make such charge it was bad, and
the evidence offered by the state in support of it
should have been excluded. The indictment, there-
fore, should have been dismissed when the matter
was called to the attention of the trial court.

5. This judgment should be reversed upon an addi-
tional ground. The whole evidence of the state
established the fact, and there was no evidence to
the contrary, that the ingredient contained in the
preparation was opium and not morphine. The stat-
ute under consideration provides that its provisions
shall not apply to preparations sold or dispensed
without a physician's prescription which contain less
than two grains of opium to the ounce. This vari-
ance between the charging part of the indictment and
the proof was fatal. It appears from the testimony
that the defendant was an addict and not a vendor of
narcotics, and that he had but a small amount of
opium in his possession. For such an offense the
statute provides a different penalty from that im-
posed upon this defendant, namely, that he may be
convicted and punished for vagrancy, an offense which
carries with it upon conviction only a slight penalty.

From this it follows that the judgment must be
reversed. The cause will therefore be remanded to

the lower court, with directions to dismiss the indictment.

REVERSED AND REMANDED, WITH DIRECTIONS.

MCBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.