Argued and submitted October 22, 1986, reversed and remanded January 28, 1987

In the Matter of
Shawn Casey Merritt, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF DESCHUTES COUNTY,
*Appellant,*

*v.*

MERRITT,
*Respondent.*

(85-JV-0083-19; CA A38711)

732 P2d 46

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Thomas J. Crabtree, Bend, argued the cause for respondent. With him on the brief was Crabtree & Rahmsdorff, Bend.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

The state filed petitions in juvenile court alleging that on three different occasions the child, a male age 11, had committed acts which if done by an adult would constitute rape in the first degree. ORS 419.476(1)(a); ORS 163.375. The court sustained the child's demurrer on the ground that Oregon adheres to the English common law doctrine that a male under the age of 14 years is conclusively presumed to be physically incapable of committing rape. 4 W. Blackstone, *Commentaries* 212; *see Annot,* 23 ALR3d 1351, 1356 (1969). The state appeals. We reverse.

The state contends that the common law rule was abrogated by the enactment of the Oregon Criminal Code in 1971 and that incapacity is a matter of defense. The child asserts that Oregon has adopted the conclusive presumption of the common law and that the code's enactment did not abrogate it.

The substantive common law remains the law of this state unless it has been changed by legislative action. *State v. Blacker,* 234 Or 131, 136, 380 P2d 789 (1963). In Oregon, the substantive common law of crimes was abolished by the legislature's adoption of the Deady Code in 1864. *State v. Nussbaum,* 261 Or 87, 91, 491 P2d 1013 (1971); *see State v. Gaunt,* 13 Or 115, 9 P 55 (1885); *State of Oregon v. Vowels,* 4 Or 324 (1873). It has not been resurrected. *See Mult. Co. Fair Ass'n v. Langley,* 140 Or 172, 13 P2d 354 (1932); *State v. He Quan Chan,* 113 Or 168, 232 P 619 (1925); *State v. Gyers,* 49 Or 61, 88 P 653 (1907); *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888 (1973), *rev den* (1974).

Although presumptions are generally considered to be evidentiary rules, *Wiebe v. Seely, Administrator,* 215 Or 331, 359, 335 P2d 379 (1959), a conclusive presumption is not an evidentiary rule, but a rule of substantive law. *State v. Elliott,* 234 Or 522, 526-527, 383 P2d 382 (1963); *accord* McCormick, *Evidence,* § 342 (3rd ed 1984). It is substantive because, once the basic fact giving rise to a conclusive presumption is established, the presumed fact must be taken as true and the adverse party is prohibited from disputing the presumed fact. Commentary to Oregon Evidence Code 69 (Butterworth 1982); *see State v. Elliott, supra.* It follows that the conclusive presumption of incapacity of males under age

14 to commit rape is a substantive rule of common law and has not been a part of Oregon law since 1864.[1]

■   Because the issue may arise on remand, we address whether this state follows a rebuttable presumption of incapacity of males under age 14 to commit rape or whether such incapacity is a matter of defense.[2] No Oregon appellate court has considered the issue. The rebuttable presumption is a modification of the English common law conclusive presumption. 75 CJS "Rape" § 46c (1952); *Annot,* 23 ALR3d 1351, 1360 (1969). The English rule was based on the physiological assumption that, in the climate and among the population of England, puberty was so rarely attained in males under the age of 14 as to justify the irrebuttable presumption of physical incapacity to commit rape. Most states in this country have rejected the English rule. *See Annot,* 23 ALR3d, 1351, 1359-1362 (1969), and cases cited therein.

■   The cases generally have held that the English rule has no application in this country, because the assumption underlying the English rule were found not to be justified by the facts. Those states recognize that *certain circumstances* and conditions of life can affect the onset of puberty and that in this country males frequently reach puberty at an age earlier than 14. After rejecting the conclusive presumption, a rebuttable presumption of incapacity of males under 14 was generally adopted, because, as the Ohio Supreme Court stated,

> "[although] many infants under fourteen are capable of being guilty [of rape], * * * a majority are not capable under that age. Hence we are compelled to suit the rule of law to the facts, as the rule itself has no authority but in fact. Modified, then, to our circumstances and condition, [we adopt the rebuttable

---

[1] The child argues that *State v. Knighten,* 39 Or 63, 64 P 866 (1901), adopted the conclusive presumption of the common law. In the Oregon Criminal Code of 1971, 138 (1975 ed), the Criminal Law Revision Commission also relied on *Knighten* in stating that Oregon follows the conclusive presumption of incapacity. That reliance is misplaced. The issue there was whether the age of the defendant had to be alleged in an indictment for statutory rape under a statute that required that a defendant be 16 years old or older, and the reference to the conclusive presumption of the common law is *dictum. Knighten* does not hold, and should not be considered to have determined, that Oregon adheres to the conclusive presumption of the common law.

[2] Because rebuttable presumptions are evidentiary and not substantive rules of law, *see Wiebe v. Seely, Administrator, supra,* 215 Or at 359, Oregon's abolition of the substantive common law in criminal cases does not affect this issue.

presumption of incapacity of infants under 14 to commit rape]." *Williams v. State,* 14 Ohio 222 (1846).

It follows that those states' adherence to the rebuttable presumption is based solely on the assumption that a majority of males under the age of 14 are physically incapable of committing rape. There is nothing in this record from which we can determine whether the assumption is correct, and there is no other apparent reason to adhere to that presumption. We therefore hold that physical incapacity of males under the age of 14 years to commit rape, as with any other claim of impotence, is a matter of defense. *See* Annot, 23 ALR3d 1351 (1969).

Reversed and remanded.