## COMMONWEALTH *vs*. A JUVENILE.

Plymouth.   December 3, 1986. — March 16, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Rape. Common Law Crime. Unnatural Sexual Intercourse. Words.* "Unnatural sexual intercourse."

On the Commonwealth's appeal from the dismissal of a complaint of delinquency against a twelve year old juvenile charged, under G. L. c. 265, § 22A, with rape by reason of his digital penetration of a five year old victim, this court, noting that it has never directly decided the question whether the common law rule that a child under the age of fourteen was conclusively presumed incapable of committing rape applied in the Commonwealth, held that, whatever may be the rule on other facts, the common law presumption was irrelevant and did not apply to the facts before it, where the act upon which the rape charge was based did not constitute rape at common law, and the defendant's sexual maturity had no relation to his capacity or ability to commit the crime. [452-453]

Where this court held that the common law presumption of the inability of an individual under age fourteen to commit rape had no application to the conduct of a twelve year old juvenile charged under G. L. c. 265, § 22A, with rape by reason of his digital penetration of a five year old victim, this holding governed the decision of the case at bar and was not restricted to prospective application since, inasmuch as the presumption had never been applied in this Commonwealth to conduct like that at issue, no rule of common law was being abolished. [453-454]

COMPLAINT received and sworn to in the Plymouth Division of the District Court Department on November 21, 1984.

A pretrial motion to dismiss was heard by *George A. White,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Robert P. Snell,* Assistant District Attorney, for the Commonwealth.

*J. Russell Hodgdon* for the defendant.

LYNCH, J. The Commonwealth appeals from the dismissal of a complaint of delinquency against the defendant, a twelve year old juvenile. The complaint charged rape based upon the digital penetration of a five year old victim. A judge in the District Court dismissed the complaint on the defendant's motion. The defendant argued that a child under fourteen is conclusively presumed incapable of committing rape and that, in any event, a decision not to follow the rule could not constitutionally be applied ex post facto to this case. We granted an application for direct appellate review and we reverse.

1. Under English common law, a child under the age of fourteen was conclusively presumed incapable of committing rape. See *Commonwealth* v. *Green,* 2 Pick. 380 (1824); *Regina* v. *Waite,* 2 Q.B. 600, 601 (1892). See also J.R. Nolan, Criminal Law § 646, at 470 (1976); 3 C. Torcia, Wharton's Criminal Law § 286, at 24 (14th ed. 1980). Though the origins of the presumption are unclear, the rationale most often stated is that males in England seldom reached puberty before age fourteen and that a boy who was not sexually mature could not commit the common law crime of rape. See, e.g., 3 C. Torcia, *supra* at 25. Another rationale recognized as a possible explanation for the rule's origin is that, since the crime of rape at common law was a capital offense, judges were reluctant to hang one so young for this crime. See *Commonwealth* v. *Green, supra.*

The majority of jurisdictions in this country have rejected the common law presumption as it was applied in England, and instead have adopted the rule as a rebuttable presumption. See 3 C. Torcia, *supra;* Annot., 23 A.L.R.3d 1351, 1359 (1969), and cases cited therein. We have never directly decided the question whether the rule applied in the Commonwealth. While this court discussed the rule in *Commonwealth* v. *Green, supra,* the court held the rule inapplicable to the lesser offense of assault with intent to rape. Any reference to the rule, therefore, was not essential to any issue before the court. However, we need not consider the continuing validity of the rule as we consider it inapplicable on the facts before us.

The common law presumption regarding the capacity of a person to commit rape is necessarily limited to the crime as it

was defined at common law; i.e., "the penetration of the female sex organ by the male sex organ, with or without emission." *Commonwealth* v. *Gallant,* 373 Mass. 577, 584 (1977). The defendant here is not charged with rape as defined at common law, but rather with conduct that falls within the proscriptive phrase "unnatural sexual intercourse." G. L. c. 265, § 22A, as appearing in St. 1974, c. 474, § 2 (defining rape to include "sexual intercourse *or* unnatural sexual intercourse" [emphasis added]); *Commonwealth* v. *Gallant, supra* at 584 (definition of "unnatural sexual intercourse" includes fellatio, cunnilingus, "and other intrusions of a part of a person's body . . . into the genital or anal opening of another person's body"); *Commonwealth* v. *Mamay,* 5 Mass. App. Ct. 708 (1977) (penetration of the female sex organ by a finger constitutes "unnatural sexual intercourse"). Since the act upon which the rape charge is based did not constitute rape at common law the presumption can have no application here. Furthermore, the defendant's sexual maturity no longer has any rational connection to his capacity to commit the crime. Thus, we conclude that, whatever may be the rule on other facts, the common law presumption is irrelevant and does not apply where the defendant's sexual maturity has no relation to his capacity or ability to commit the crime.

2. The defendant also contends that any abrogation of the common law presumption must be done prospectively. We disagree.

Of paramount importance in determining the application of our decision is the fact that the common law rule has never been applied to the conduct described here; there is no "old rule" which applies to this case. Cf. *Commonwealth* v. *Lewis,* 381 Mass. 411, 418 (1980), cert. denied sub nom. *Phillips* v. *Massachusetts,* 450 U.S. 929 (1981) (abandoning the "year and a day" rule which formerly precluded prosecution for homicide if the victim survived more than one year past the crime). Unlike the situation confronting the *Lewis* court, it cannot be said "with confidence" that the presumption at issue here has become part of the "law of the Commonwealth." *Id.* at 415. In fact, the principal case relied on by the defendant

criticizes the rule as being "artificial." See *Commonwealth* v. *Green, supra* at 382. Finally, we note that this court cast doubt on the viability of the common law presumption. *Commonwealth* v. *Lewis, supra* at 418 n.19.

Accordingly, we conclude that the common law presumption deeming a child under fourteen incapable of committing rape is inapplicable to the case at bar and order the charge against the defendant reinstated.

*So ordered.*