COMMONWEALTH *vs.* WALTER R., a juvenile.

Hampden. December 10, 1992. - April 6, 1993.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Rape. Common Law Crime. Practice, Criminal*, Presumptions and burden of proof.

The rule of common law that a child under the age of fourteen is conclusively presumed incapable of committing rape as defined at common law is not applicable in this Commonwealth. [715-718]

The rule of common law that a child under the age of fourteen is conclusively presumed incapable of committing rape as defined at common law is inapplicable to any act committed after March 16, 1987, the date of this court's decision in *Commonwealth* v. *A Juvenile*, 399 Mass. 451 (1987), and consequently, no such presumption applied in a case in which the alleged offense occurred in 1989. [718-719]

COMPLAINT received and sworn to in the Chicopee Division of the District Court Department on March 15, 1990.

Upon transfer to the Springfield Division of the Juvenile Court Department, questions of law were reported to the Appeals Court by *Joseph A. Pellegrino*, J. The Supreme Judicial Court transferred the case on its own initiative.

*Lillian F. Stapleton* for the juvenile.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. The juvenile in this case was charged with being delinquent by reason of rape and abuse of a child under sixteen years of age in violation of G. L. c. 265, § 23 (1990 ed.). See G. L. c. 119, § 52 (1990 ed.). At the time of the incident, the juvenile was thirteen years old, and the female victim was eleven years old. The Commonwealth alleged that the juvenile used force, or threat of force, to penetrate the victim's vagina with his penis.

In the Springfield Juvenile Court, the juvenile moved to dismiss the charge on the ground that, as a child under the age of fourteen, he is conclusively presumed by Massachusetts law to be unable to commit rape. The Juvenile Court judge declined to rule on the motion to dismiss and instead reported three questions to the Appeals Court. We transferred the report to this court on our own initiative. The reported questions are: (1) Whether the common law presumption that a child under the age of fourteen is conclusively presumed incapable of committing rape as defined at common law[1] is applicable in this Commonwealth; (2) If the common law presumption of incapacity is applicable in this Commonwealth is it a conclusive or a rebuttable presumption; (3) If the common law presumption of incapacity is held to be either inapplicable or applicable but rebuttable, is the court's ruling prospective only, or may it be applied to the present case. We answer the first question, "No," the common law presumption is not applicable in Massachusetts. This answer renders it unnecessary to respond to the second question. In response to the third question, we answer that no such presumption applies to the case at bar.

Under English common law, a child under fourteen years of age was conclusively presumed incapable of committing rape. See *Commonwealth* v. *A Juvenile*, 399 Mass. 451, 452 (1987); *Commonwealth* v. *Green*, 2 Pick. 380 (1824); *Regina* v. *Waite*, 2 Q.B. 600, 601 (1892). Although the exact origin of the presumption is not clearly established, various courts have identified two rationales. The most commonly cited rationale is that young males in pre-industrial England usually did not reach puberty until the age of fourteen and therefore were not sexually able to engage in natural intercourse prior to that chronological age. See *A Juvenile, supra.* See also *State* v. *Sam,* 60 N.C. 302, 303 (1864) (presumption grounded in physical incapacity before age fourteen). The

---

[1]Common law rape is defined as "the penetration of the female sex organ by the male sex organ, with or without emission." *Commonwealth* v. *Gallant,* 373 Mass. 577, 584 (1977).

other rationale, and the one noted in this court's early consideration of the presumption, is that the presumption was created to protect young males from the penalty mandated for rape at common law: death. *Green, supra* at 381.

Most American jurisdictions have rejected the conclusive presumption and adopted instead a rebuttable presumption. *A Juvenile, supra* at 452. See also *People* v. *Wessel*, 98 Cal. 352 (1893); *Williams* v. *State*, 14 Ohio 222 (1846). Evidence that the juvenile has reached puberty may rebut the presumption in these jurisdictions. See *Williams, supra.* Massachusetts case law, however, provides no support for the proposition that a rebuttable presumption exists in this State. Such references as there are in Massachusetts to the common law presumption speak in terms of a conclusive presumption. Although this court has referred to the English common law presumption, the question whether the presumption applies in Massachusetts has never been directly before the court.

The juvenile in this case argues that Massachusetts case law clearly establishes that the conclusive common law presumption has been adopted by this court. He focuses on two cases, *Commonwealth* v. *A Juvenile*, 399 Mass. 451 (1987), and *Commonwealth* v. *Green*, 2 Pick. 380 (1824). The Commonwealth argues that these same two cases clearly establish that no presumption, conclusive or rebuttable, has ever been recognized in this State.

In *Green*, the defendant, a child under the age of fourteen, was charged with assault with intent to commit rape. *Id.* at 381-382. This court held that the defendant could be prosecuted for that offense even though it stated in dictum that "by an artificial rule he is not punishable for the crime itself." *Id.* at 382. Without expressly adopting the English common law conclusive presumption that a boy under fourteen years was incapable of rape, the court stated: "The law which regards infants under fourteen as incapable of committing rape, was established *in favorem vitae*, and ought not to be applied by analogy to an inferior offence [assault with intent to commit rape], the commission of which is not pun-

ished with death." *Id.* at 381. It is true that this case has been widely cited as authority for the proposition that Massachusetts recognizes a conclusive presumption of incapacity. See, e.g., P.J. Liacos, Massachusetts Evidence 49 (5th ed. & 1985 Supp.); J.R. Nolan & B.R. Henry, Criminal Law § 676, at 576-577 & n.5 (2d ed. 1988); Annot., 23 A.L.R.3d 1351, 1359 (1969). A close reading of *Green* reveals, however, that, at best, it does so only by implication. *Green, supra* at 381-382. See also *Commonwealth* v. *Scannel,* 11 Cush. 547, 548 (1853) (indictment need not allege that rape defendant was over fourteen years of age at time of alleged offense although "his tender years . . . may be a good defence on the trial as it may negative effectually the charge"). Whether *Green* implicitly recognized the common law presumption was questioned in *Commonwealth* v. *A Juvenile,* 399 Mass. 451 (1987). In that case, we considered whether a male child under fourteen was conclusively presumed to be unable to commit digital rape. We noted that although English common law had recognized a conclusive presumption that boys under fourteen were unable to commit rape, "[w]e have never directly decided the question whether the rule applied in the Commonwealth." *Id.* at 452. The facts before us in *A Juvenile* involved unnatural sexual intercourse. We determined that any statement concerning the common law presumption of incapacity to commit natural sexual intercourse was unnecessary because if such a presumption did exist, it applied only to natural sexual intercourse, i.e., to rape as defined at common law. See note 1, *supra.* We nevertheless indicated clearly in *A Juvenile* that no such presumption had ever been adopted expressly. *Id.*

Thus, we have referred to the common law presumption, but we have never applied it, nor have we examined its purported justifications. We conclude that there is no sound legal or medical basis for a presumption that an individual under fourteen is incapable of rape, as defined at common law. Whatever basis the original justifications for the presumption once had, they are inapplicable today.

The rationale cited by this court in *Commonwealth* v. *Green, supra*, that the presumption was created to protect youthful offenders from the harshness of the death penalty, no longer carries any weight in Massachusetts. First, the crime of rape is not punishable by death. See G. L. c. 265 §§ 22, 22A, 23 (1990 ed.). See also *Commonwealth* v. *O'Neal*, 369 Mass 242, 243 (1975). Second, the Commonwealth employs a system for dealing with youthful offenders which affords them greater protections than adults have under the traditional system. G. L. c. 119, §§ 52-72A (1990 ed.).[2]

To the extent the common law presumption rested on an assumption that males under the age of fourteen were not sexually mature, current medical information suggests otherwise. See Stedman's Medical Dictionary 1289 (25th ed. 1990) ("puberty" is sexual maturation, commencing in boys between ages ten and twelve). Over the past century, the onset of puberty has gradually occurred at a younger age, and currently begins between the ages of ten and twelve. See S.R. Ambron & N.J. Salkind, Child Development 468 (4th ed. 1984).

We recognized in *A Juvenile* that, since sexual maturity was not rationally connected to a juvenile's capacity to commit acts of unnatural intercourse, a presumption based on the age of sexual maturity ought not to apply to digital rape. *A Juvenile, supra* at 453. In 1824, the *Green* court recognized that the presumption was "artificial." *Green, supra* at 382. See also *Commonwealth* v. *Lewis*, 381 Mass. 411, 418 n.19 (1980), cert. denied sub nom. *Phillips* v. *Massachusetts*, 450 U.S. 929 (1981). This case squarely presents us with the question whether to recognize this "artificial" presumption. For the reasons stated above, we decline to do so.

We must also determine whether we announce a new rule requiring prospective application. See *Commonwealth* v.

---

[2]Juveniles charged with certain crimes may be transferred to the adult system, see G. L. c. 119, § 61 (1990 ed.); *Commonwealth* v. *Wayne W., ante* 218 (1993), but only if they are over fourteen years of age. G. L. c. 119, § 61.

*Barnes*, 369 Mass. 462, 468 (1976). Although some authorities have interpreted the reference to the English common law presumption in *Green* as an acceptance of the principle by the court, this interpretation is dubious. Cf. *State ex rel. Juvenile Dep't of Deschutes County* v. *Merritt*, 83 Or. App. 378, 380-381 & n.1 (1987) (dictum in earlier case implying adoption of conclusive presumption not controlling despite authorities' assumption to contrary). In any case, we believe that any confusion engendered by the dictum in *Green* was resolved in 1987 when we noted that the reference to the presumption in *Green* was not essential to its resolution, and when we indicated that this court had "cast doubt on the viability of the common law presumption." *A Juvenile*, *supra* at 454, citing *Commonwealth* v. *Lewis*, *supra* at 418 n.19. After *A Juvenile*, therefore, it was clear that the common law presumption had not been accepted in Massachusetts.[3] In recognition of the arguable confusion prior to that decision, we believe the fairest course is to make our decision today applicable from the date of the decision (1987) in *A Juvenile*, which was rendered prior to the date of the alleged offense in this case (1989).

___

[3]We are guided today by our decision in *Commonwealth* v. *Lewis*, 381 Mass. 411, 418 n.19 (1980), cert. denied sub nom. *Phillips* v. *Massachusetts*, 450 U.S. 929 (1981). In that case, we considered whether the so-called "year and a day rule" operated, as it had at common law, to bar a prosecution for homicide where the victim's death occurred more than one year and one day after the defendant had inflicted injury. As with the conclusive presumption at issue in this case, the rule in that case had never been essential to a decision by this court. *Id.* at 415-416. Earlier decisions by the court had made passing reference to the rule, however, so there was some question as to whether it had been adopted in Massachusetts. *Id.*, and cases cited. After examining the various justifications for the rule, and concluding that, in light of modern medicine, the rule could no longer be accepted, we were faced with the question whether prospective application was necessary. We referred to an earlier case, *Commonwealth* v. *Golston*, 373 Mass. 249 (1977), cert. denied, 434 U.S. 1039 (1978), in which we had noted that none of our references to the rule in past cases had been essential to decision, and that a reexamination of the rule might be in order. *Lewis*, *supra* at 417. In *Lewis*, we found that these statements were sufficient to indicate the rule was vulnerable, and we held that the rule was abrogated as of the date of our decision in *Golston*.

Therefore the reported questions are answered: (1) no, there is no presumption in Massachusetts that a child under the age of fourteen is incapable of committing rape; (2) not applicable, given the fact that no presumption exists; (3) the common law "presumption" is inapplicable to any act committed after March 16, 1987, the date of the decision in *A Juvenile, supra.* The report is discharged, and the case is remanded to the Springfield Juvenile Court for further proceedings consistent with this opinion.

*So ordered.*