HARRIS, J.,
dissenting.
The issue in this case is whether section 794.011(2)(b), Florida Statutes, which criminalizes the conduct of a person “less than eighteen” for engaging in sexual activity with a “person less than 12 years of age,” applies when the perpetrator is eight and the victim is four. Because I do not believe that section 794.011(2)(b) should be applied against an eight-year-old boy not shown to have had the capacity to know the wrongfulness of his act, I respectfully dissent.
The appellant, who was eight at the time, engaged in oral play (I have some difficulty referring to it as “sex”) with his four-year-old half-brother while they were visiting their grandmother.[1] Although consent cannot be an issue in this case, there is no suggestion that force was used. The step-mother, the mother of the four-year-old, reported the incident to the police and the eight-year-old was charged and convicted as a delinquent. There was no proof offered that appellant had ever done anything of a similar nature before or that the incident was not merely a prank.
Admittedly, because the legislature did not provide that the perpetrator envisioned by this statute had to be above a certain age, appellant’s conduct falls within the prohibition of the statute. So also would be the case in which two four-year-olds exhibit sexual curiosity while taking a bath together. However, it seems clear that the “protected class” is intended to be those children incapable of recognizing the wrongfulness of the prohibited conduct and thus incapable of consenting to it. Thus, the statute appears to be intended to protect young children from persons who are older and more knowledgeable and from their own inexperience and lack of judgment. The statute was not intended to criminalize inquisitive conduct engaged in by pre-pubescent children. If it was so intended, I expect our courts will be filled with inquisitive children caught “playing doctor.”
In State v. J.D., 701 N.E.2d 908, 909 (Ind.Ct.App.1998), the court, although holding that one within the protected class could be charged under the statute prohibiting sexual conduct with children, nevertheless held:
Although each subsection of the statute does not so state, criminal intent is an element of the crime of child molesting. ... Accordingly, in situations where there is clearly no criminal intent, such as where the very young children engage in innocent sexual play, an allegation of juvenile delinquency based upon such play would be inappropriate.
There are several cases from other jurisdictions which hold that one within the protected class may be charged with sexual misconduct. None, however, have applied this principle to eight-year-olds. And those that permit charging one within the protected class with committing a sex offense generally hold that the state must *348 prove that the minor was motivated by an unnatural or abnormal sexual interest and knew that what he did was wrong. See In re Gladys R, 1 Cal.3d 855, 83 Cal.Rptr. 671, 464 P.2d 127 (1970); In re Billy Y., 220 Cal.App.3d 127, 269 Cal.Rptr. 212 (5 Dist.1990).
In Commonwealth v. Walter R, 414 Mass. 714, 610 N.E.2d 323 (1993), the court upheld a finding of delinquency of a thirteen-year-old for committing a sex act, observing that puberty, or sexual maturation, begins between the ages of 10 and 12.
In our case, the victim testified that he was tricked into putting appellant’s penis into his mouth because appellant told him it was candy “in his pants” and that the incident lasted “a real short time.” He was upset at being tricked.
Does appellant’s conduct in this case indicate that he is a mini-pedophile? Does it indicate that he is a sexual predator? Does it indicate a youthful prank: “Ha-ha, I fooled you!” Or can it be that we have a young boy whose curiosity caused him to inappropriately “try” something that he had seen (was he exposed to X-rated movies?) or heard about (perhaps he overheard an overly picturesque discussion of the Lewinsky affair) at an alarmingly early age? If it is the latter (and I suspect that it is), did he realize that what he was doing was wrong? No such proof was offered. If there is no indication that the child is likely to repeat such conduct after appropriate parental discipline and with closer parental supervision (and there is no such indication), then I submit judicial intervention with sex therapy may cause far more harm than benefit for this eight-year-old child. Even if intervention is justified, dependency and not delinquency would seem to be more appropriate.
The majority relies on J.A.S. v. State, 705 So.2d 1381 (Fla.1998). I do not find this case dispositive. It is true that the court in J.AS. held that those within the same protected class as the victim (J.AS. involved children under the age of sixteen) could be prosecuted for violating the provisions of section 800.04(4), Florida Statutes. There, fifteen-year-old boys had sex with twelve-year-old girls. There are two distinctions that I would draw.
First, there is no indication that the court in J.A.S. intended that its holding should apply when the alleged perpetrator is below the age of puberty. The court did not decide in J.A.S. whether criminal intervention would further a compelling state interest through the least intrusive means when the perpetrator is eight-years-old and, insofar as we know, is entirely sexually innocent.
The second distinction is reason itself. There are children so young and immature that they simply should not be held criminally responsible for sexual inquisitiveness. Perhaps with the advent of sexually explicit movies and TV children are becoming sexually knowledgeable at a much earlier age. Since the “age of reason” in sexual matters may vary from child to child, the state should be required to prove in its prosecution of one so young that he was aware that the alleged act was wrong. It was not so proved in this case.
The judge in this case provided the option of level 8 commitment or probation with the “standard conditions.” When the child’s natural mother expressed concern about her child being required to wear a leg monitor at school, the court adjudged the child delinquent and placed the child in a level 8 residential facility, suspended if the child complied with a juvenile sexual offender treatment alternative.
The boys’ father indicated that he had talked with both of his sons about the matter and believed that the action he took was adequate to resolve the problem. Under the facts of this case, I agree with the father.

. It should be noted that appellant has consistently denied that the event occurred. The incident was reported to the police over two months after the victim's mother learned of the allegation and after she separated from the boys’ father. The trial court, however, believed the testimony of the young victim even though it was given two years after the incident. That was the judge's prerogative.