UNITED SERVICES AUTOMOBILE ASSOCIATION *vs.*
SUSAN DOE & others.[1]

No. 01-P-419.

Middlesex. February 12, 2003. - August 5, 2003.

Present: PORADA, KASS, & COHEN, JJ.

*Insurance,* Homeowner's insurance, Liability insurance, Coverage.

This court concluded that a fourteen year old boy's sexual molestation of a four year old girl constituted conduct that fell within an exclusion in the personal liability provisions of a homeowners policy for bodily injury "which is expected or intended by the insured," and that there was no coverage under the policy for the harm claimed on behalf of the four year old girl. [744-746]

CIVIL ACTION commenced in the Superior Court Department on January 24, 1995.

The case was reported to the Appeals Court by *Margot Botsford*, J., on a statement of agreed facts.

*Matthew Mahoney* for the plaintiff.

*Charles R. Capace* for Susan, Leonard, & Jane Doe.

KASS, J. By a complaint for a declaratory judgment, United Services Automobile Association (USAA), an insurance company, asked whether the personal liability provisions of its homeowners policy extended coverage to liability for bodily harm caused by a fourteen year old boy's sexual molestation of a four year old girl. The case comes to us on a report by a judge of the Superior Court, made in accordance with the third sentence of Mass.R.Civ.P. 64(a), as amended, 423 Mass. 1403

---

[1]Leonard Doe, Dora Roe, and Patrick Roe. All these names are fictitious. Susan and Leonard Doe are the parents of Jane, the injured four year old child. Dora and Patrick Roe are the parents of Donald, the fourteen year old baby-sitter.

(1996).[2] Conformably with that portion of the rule, the parties requested that the Superior Court judge report the case and they agreed in writing as to all the material facts. We decide that the sexual molestation is conduct that falls within an exclusion within the policy for bodily injury "which is expected or intended by the insured," and that there is no coverage under the policy for the harm claimed on behalf of the four year old.

1. *Facts.* We summarize the material facts that the parties have agreed upon. Between September 1, 1989, and December 31, 1989, Donald Roe, age fourteen, baby-sat for Jane Doe, age four. During that period Donald fondled Jane's vagina, had Jane touch his penis, and penetrated Jane's vagina with his finger. Donald testified that he did not intend to harm Jane when he engaged in the improper sexual contacts, and that when Jane indicated discomfort, he stopped immediately. Jane testified that Donald did not harm her.[3] USAA is the insurer of the parents of Donald, who, as a minor living with his parents, was an insured under USAA's policy.[4] Under the policies, USAA agreed to defend and to pay to the policy limit of liability for damages resulting from bodily injury, with an exclusion for bodily injury "which is expected or intended by the insured."

2. *Bodily injury.* This phrase does not embrace emotional distress, except as it may be a consequence of physical injury to the body. *Allstate Ins. Co.* v. *Diamant,* 401 Mass. 654, 656 (1988). *Richardson* v. *Liberty Mut. Fire Ins. Co.,* 47 Mass. App. Ct. 698, 702 (1999) (" '[b]odily injury' as used in an insurance policy . . . includes only actual physical injuries to the human body and the consequences thereof"). Donald's acts of sexual molestation, which included digital penetration of Jane's vagina, constituted an indecent assault and battery, i.e., violation of the bodily integrity of the victim and, therefore, an infliction of

---

[2]That sentence reads: "The court, upon request of the parties, in any case where the parties agree in writing as to all the material facts, may report the case to the appeals court for determination without making any decision thereon."

[3]The parties agreed that Donald and Jane so testified and we take that to mean that they make no stipulation as to what Donald intended or whether Jane was harmed.

[4]Although the statement of agreed facts speaks of a homeowners policy, i.e., uses the singular, at oral argument, counsel told the court that the parents were separated and that each had purchased a homeowners policy from USAA.

actual physical injury on her, even if not accompanied by bleeding or broken bones. See *Commonwealth* v. *Castillo*, 55 Mass. App. Ct. 563, 565-567 (2002).

Decided cases, frequently without discussion, have taken sexual molestation, including fondling and certainly penetration, to be infliction of bodily injury. *Worcester Ins. Co.* v. *Fells Acres Day Sch., Inc.*, 408 Mass. 393, 398-402, 413 (1990). See *Allstate Ins. Co.* v. *Thomas*, 684 F. Supp. 1056, 1059-1060 (W.D. Okla. 1988); *Allstate Ins. Co.* v. *Roelfs*, 698 F. Supp. 815, 818, 821 (D. Alaska 1987); *Whitt* v. *DeLeu*, 707 F. Supp. 1011, 1016 (W.D. Wis. 1989); *Foremost Ins. Co.* v. *Weetman*, 726 F. Supp. 618, 620 (W.D. Pa. 1989); *J.C. Penney Cas. Ins. Co.* v. *M.K.*, 52 Cal. 3d 1009, 1019 (1991); *Allstate Ins. Co.* v. *Troelstrup*, 789 P.2d 415, 417 n.5 (Colo. 1990) (en banc); *Auto-Owners Ins. Co.* v. *Gardipey*, 173 Mich. App. 711, 715 (1988); *N.N.* v. *Moraine Mut. Ins. Co.*, 153 Wis. 2d 84, 91-93 (1990).

3. *Intent to harm.* Those same cases held that an intent to harm is to be inferred from the nature of the act of sexual molestation. The question left to answer is whether that rule applies to someone fourteen years old or, whether concerning one of that age, there needs to be inquiry into what the youth intended. Donald said he meant no harm but that carries no weight. A full grown rapist might say the same. Yet incapacity to form an intent may cancel the inference of intent that generally is to be made in connection with a sexual assault. See *Hanover Ins. Co.* v. *Talhouni*, 413 Mass. 781, 785-787 (1992), in which the assailant had become delusional from LSD intoxication.

We are of opinion that in the absence of special disability, a fourteen year old is capable of criminal intent. That conclusion finds support in G. L. c. 119, § 52, which qualifies as a youthful offender a person between the ages of fourteen and seventeen, and § 54 of the same chapter, which authorizes criminal proceedings against juveniles between the ages of fourteen and seventeen. See *Commonwealth* v. *A Juvenile*, 399 Mass. 451, 453-454 (1987) (twelve year old may be tried for digital rape of a five year old); *Commonwealth* v. *Walter R.*, 414 Mass. 714, 715 (1993) (declaring as not applicable in Massachusetts a common-law presumption that a child *under* the age of fourteen was incapable of committing rape).

As part of their agreed facts, the parties appended an evaluation of Donald by a psychologist. He evaluated Donald as within the "[a]verage range of intellectual functioning." Donald's "vocabulary, verbal abstract reasoning and his common sense judgement," the psychologist found, "are solidly average." Verbal and mathematical aptitudes for academic challenges were in the average to above average range. Significantly, after an incident of molestation, he asked Jane not to tell anyone because he was embarrassed. Donald did not suffer from a handicap that would negate the inference of intent to cause bodily injury that is the default mode in cases of improper sexual touching.

A judgment shall be entered declaring that USAA, under the homeowners insurance policies issued by it to Dora Roe and Patrick Roe, is not bound to defend or indemnify Donald or his parents, in connection with claims for compensation made on behalf of Jane Doe.

*So ordered.*